McCann v. McLennan.

D. J. McCann, plaintiff in error, v. William McLennan, defendant in error.

Judgment: POWER TO VACATE.   When an application to set aside a judgment is at common law, and made long after the term at which the judgment was rendered, courts will act with great caution and rarely exercise their authority by the vacation of such judgment.

———: ———. The power to vacate is discretionary, but when this discretion of the court is spoken of, a sound legal discretion is meant.

———: MOTION TO SET ASIDE AND MODIFY.   In an application to set aside a judgment, and from affidavits filed it, for the first time, appeared that the note upon which the action was brought, was executed by defendant to the plaintiff upon a contract between the parties, in which plaintiff agreed he would not bid on a certain tract of land, at the time being offered at public sale by the United States, and thereby enable the defendant to purchase the same at the minimum price fixed by law for United States lands ; *held*, that the moving party was *particeps criminis* with the other party, in the violation of statute law, and the commission of an act contrary to public policy, and consequently had shown no ground to entitle him to the relief prayed for.

Agreement: AUTHORITY OF COUNSEL.   Agreements relating to the conduct of a suit, and its proceedings during the trial, made by attorneys in the case in open court and entered upon the record, are binding upon the parties.

THIS case comes before this court upon motion of the attorney of McLennan, to set aside a judgment rendered at the July Term, 1872, in favor of McCann. The case is reported in 2 Nebraska Reports, 286.

From the report of that case, and the affidavit filed in support of this motion, it appears that the action in the district court, brought by McCann against McLennan, was based on a promissory note by the latter to the former.

McLennan's answer, after admitting the execution of the note, was, in brief, that the note was given in consideration that McCann would abstain from bidding—as he threatened to do—on certain public lands which McLennan desired to purchase, thereby permitting the lands to be bid in by the latter at the minimum government price;

that the contract was illegal, against public policy, and should defeat a recovery upon the note.

The plaintiff's attorney chose not to file a reply to this answer, and by stipulation duly entered into by the attorneys for the respective parties, it was agreed that the court should take the case and order judgment on the pleadings, and without proof.

As the Code of Procedure stood at the time of trial it was a question not yet settled by this court, whether an answer containing no set-off or counter-claim, such as was the answer in this case, demanded a reply.   The district court holding the affirmative, and that the allegations of the answer not being denied must be taken as true, directed judgment for the defendant for his costs.

This court adopting an opposite interpretation of the code, held no reply necesssary.   No proof having been given to support the allegations of the answer, and the execution of the note being admitted, the parties were held bound by the stipulation of the attorneys referred to, and judgment was entered in this court for the amount claimed in the petition, in favor of the plaintiff.

To effect a modification of this judgment, permitting the cause to be returned to the court below that testimony might be given in support of the answer upon another trial, this motion was made.

*E. Wakely*, for the motion.

*I. N. Shambaugh* and *E. Richardson, contra.*

GANTT, J.

An application is now made by motion, to vacate and modify the judgment rendered in this case, at the last regular term of this court.   No grounds are set forth in the motion showing reasons why it should be maintained by the court.   It is simply a motion to vacate and modify

the judgment, and whether such motion should or should not be dismissed upon motion to strike it from the files of the case, it is not necessary to now express any opinion.

The defendant disclaims filing his motion under the provisions of Chapter II, Title XVI, of the Civil Code, and hence this application is one at common law.

In *Kemp and Buckey v. Cook and Ridgely*, 18 *Maryland*, 131, the court says: " The power of setting aside judgments upon motion is a common law power incident to courts of record, and exercised usually under restraints imposed by their own rules, and *rarely* after the term has passed, during which the judgment was rendered." And it is said that even in applications under the statute, " when the court acts in the exercise of its *quasi* equitable powers, it will properly consider all the facts and circumstances of the case, and require the party making the application to show he has acted in good faith, and with ordinary diligence." When the application is at common law, and made long after the term at which the judgment was rendered, the court will certainly act with great caution, and rarely exercise this authority; and it must be a strong case to call into exercise this authority. And furthermore, the court cannot be governed by its ideas of what is just and proper, for the grounds on which it exercises this power, are well settled by decisions almost amounting to definite and fixed rules. But it is said the power is a discretionary one. It is such, but when this discretion of the court is spoken of, a sound legal discretion is meant, not an arbitrary *sic volo*. It is not a discretionary power in opposition to the settled principles of law and equity.

But the ground upon which this motion is made is stated in defendant's affidavit filed with the motion; and that is, that the note upon which the action was brought, was executed by defendant to plaintiff upon a contract between the parties, in which plaintiff agreed he would

not bid on a certain tract of land, at the time being offered at public sale by the United States, and thereby enable the defendant to purchase the same at the minimum price fixed by law for United States Lands; and this is the first evidence of any adduced in court showing the ground upon which the action is founded. The contract was made in violation of statutory law, and it was contrary to public policy. It is a well settled principle of law that courts will not enforce such contracts, and will not lend their aid to relieve either party connected with such transaction. *Willard's Equity*, 47. *Thompson v. Davies*, 13 *John*, 112. *Forsythe v. The State*, 6 *Ohio*, 21. *Marshall v. Baltimore and Ohio Railroad*, 16 *Howard*, 334. And if such contract is fully executed it will not be disturbed by the courts, and the money paid on such contract cannot be recovered back.. *Inhabitunts of Worcester v. Eaton*, 11 *Mass.*, 375. But in respect to such contract the court will leave the parties where it finds them. *Howell, Adm'r v. Fountain*, 3 *Kelly,* (*Georgia*) 181. *White v. Hunter*, 3 *Foster*, 131.

In this application the moving party is *particeps criminis* with the other party in the violation of statutory law, and the commission of an act contrary to public policy, as shown by his own affidavit; and he now invokes the aid of this court to relieve him from the liability which he has incurred by his own unlawful contract. As the rule of law seems well settled that money paid on such contracts cannot be recovered back, and that the courts will not lend their aid to either party, but will leave them where they find them, it seems very clear that the defendant has shown no ground to entitle him to relief in this court.

But the record shows an agreement of the parties submitting this cause, to the decision of the court upon the petition and answer. Although this agreement was made by the attorneys, yet, being made matter of record in the

McCann v. McLennan.

case in open court, preparatory to the trial and decision, it is binding upon the parties, and the court will enforce such agreement. *Miller's Appeal*, 30 *Penn., State*, 478. It will not be interfered with simply because the party has improvidently waived certain defenses. *Bingham v. Board of Supervisors of Winona County*, 6 *Minn.*, 136. *Ignorantia legis neminem excusat* is an old maxim with which attorneys are familiar, and certainly they are presumed to be careful in making agreements on the trial of causes in open court, and to fully comprehend the effect of such agreements. Hence, agreements relating to the conduct of a suit and its proceedings during the trial, in open court and entered upon the record, will conclude the parties. *Staples v. Parker*, 41 *Barb.*, 648.

It is not alleged that any fraud was practiced on the defendant in obtaining the agreement on record. Indeed it seems to have been prepared by defendant's counsel, and accepted by plaintiff's; and as no extrinsic cause or reason is shown why this judgment should be set aside, in must upon well settled principles of law conclude the parties.

The motion to vacate and modify the judgment is overruled.

Lake, Ch. J., and Maxwell, J., concur.

MOTION OVERRULED.