STATE BANK OF NEBRASKA, APPELLEE, v. JOHN H. GREEN, APPELLANT.

8   297
10  183
14  368
16  410
18  141
8   297
35  709
8   297
38  564
8   297
42  828
8   297
45  293
8   297
47  110
47  510
8   297
51  619
55  437

1. **Practice:** FINAL ORDER. An order confirming a sale of real estate made by a judge of the district court in vacation, is a final order, from which an appeal will lie to the supreme court.

2. ————: MOTION TO DISMISS. On a mere motion to dismiss the appeal, the court will not examine the record to see whether it contains all the proceedings of the court below. If, however, on the submission of the cause, the court finds the record so defective that the questions presented cannot be reviewed, it will make such order in the premises as may be just and proper.

3. **Appeal to Supreme Court.** The right to appeal in equity cases is regulated entirely by statute. No notice is necessary by the appellant on taking the appeal other than that derived from filing the supersedeas bond. The appellant has six months from the date of the rendition of the judgment, order, or decree, in which to file the transcript in the supreme court.

4. **Practice:** EXECUTION. Where a proper supersedeas bond is filed and approved, no execution can issue on the judgment until the bond is set aside, modified, or the appellant fails to perfect his appeal.

5. ————: APPEAL: SUPERSEDEAS BOND. Upon the confirmation of the sale of certain real estate under a decree of foreclosure, and an order awarding execution for the deficiency amounting to $9,944.33, the court fixed the supersedeas bond at $2,000. *Held,* that the case came within the provisions of the third subdivision of the third section of the act in relation to appeals in actions in equity, and that the amount of the bond was discretionary with the court.

6. ————: ————: WAIVER OF SUPERSEDEAS BOND BY ATTORNEY. While a supersedeas bond for an appeal duly approved was on file in the district court, the appellee's attorney requested the clerk to issue execution on the judgment, to which request the appellant's attorneys signed the following waiver: "We hereby consent to the above request being complied with by the clerk of said court." *Held,* that their general employment as attorneys gave them no authority to sign such waiver, and the burden of proof was on them to show they had special authority to sign it.

THIS was an appeal by defendant from an order confirming the sale of real estate in the district court of Washington county, upon a motion to dismiss which the following opinion was filed.

MAXWELL, CH. J.

Certain real estate of the defendant was sold at judicial sale and the sale confirmed in vacation. The defendant appeals to this court. The plaintiff moves to dismiss the appeal upon the grounds:—

*First*—That the order is not appealable, not having been made by the district court.

*Second*—Because the transcript does not contain nor purport to contain all the pleadings, proceedings, and testimony.

That an order confirming a sale is a final order will not be denied. This is admitted by the attorney for the appellee. But it is claimed that the sale having been confirmed by the judge in vacation, it does not therefore come within the provisions of the statute, which provides that "either party may appeal from the judgment or decree rendered, or final order made by the district court." Gen. Stat., 716.

The act approved Feb. 25, 1875, amending section four hundred and ninety-eight of the code, after providing for a confirmation by the court, further provides "that the judge of any district court may confirm any such sale at any time after such officer has made his return, on motion and ten days' notice to the adverse party or his attorney of record, if made in vacation." It is also provided that the judge confirming the sale shall cause the order to be entered on the journal. Laws 1875, p. 38.

Section twenty-three, article VI of the constitution, provides that "the several judges of the courts of record

shall have such jurisdiction at chambers as may be provided by law."

In sales under a decree, the court is the vendor and the sheriff or commissioner making the sale a mere instrument (*Frasher v. 'Ingham*, 4 Neb., 537), but no title passes by the sale until it is confirmed, and the same rule applies to sales upon execution. The confirmation when made becomes the act of the court whether made in vacation or in open court. That the legislature has authority to confer such power upon judges in vacation there is no question. The order of confirmation, although made by the judge in vacation, was entered upon the journal of the court and became a part of its records, and until reversed is the final judgment of the court, from which an appeal will lie.

As to the second objection, it is sufficient to say that the causes assigned are not sufficient of themselves to authorize the court to dismiss the appeal. If it should appear upon an examination of the record that it was so defective that the questions presented cannot be reviewed, the court will take such action as may be proper in the premises. The motion to dismiss the appeal is overruled.

JUDGMENT ACCORDINGLY.

LAKE, J., dissented.

The cause then came on to be heard, was argued by counsel and submitted to the court.

*Woolworth & Munger*, for appellant Green.

Green swears in his affidavit that he never gave any authority or consent to said Redick & Connell, or either of them, or to any other person or persons, to waive the right which he had acquired by reason of the giv-

ing of the supersedeas bond in this case, or to consent
to the issue of any execution under said order what-
ever, and that he never knew of the execution having
been issued, or consent of Redick & Connell having
been given, until his property had been levied upon
and advertised for sale under the same. The only at-
tempt made to rebut this testimony of Green is by the
affidavit of Redick, who says that he and his partner,
Connell, were the attorneys for Green, and had author-
ity to sign the written consent for execution to issue.
How their authority was acquired, he does not say.
No pretense is made that Green gave express authority;
and so far as Green's statement goes—that he never
gave such consent in any manner, or even knew that
the execution had issued, or the written consent of Re-
dick & Connell had been given until after the levy and
advertisement of his property—it remains uncontra-
dicted and must be accepted as an admitted fact. It is
true that Redick says that this consent was given upon
consideration that time should be given Green in which
to buy back or redeem the mortgaged premises before
sold, but such an arrangement is not brought home to
the knowledge of Green, and his want of knowledge
of any such arrangement is fully shown in his (Green's)
affidavit.

It is very evident that all the authority Redick &
Connell possessed was such as an attorney possesses
under and by virtue of his general retainer.

That an attorney may make a valid stipulation as to
any matter of practice or procedure, we admit. But
we do most emphatically deny that an attorney pos-
sesses the power and authority, by stipulation or oth-
erwise, *in a direct attempt so to do*, to waive, relinquish,
or surrender the very right which he is employed to
protect and secure. That a substantial right may
sometimes be lost by a stipulation regarding a matter

of *practice* entered into without due consideration, or a proper understanding as to its effect, we concede; but we venture the assertion that no case can be found in which it has been held that the general authority of an attorney permits him to knowingly and wilfully, without the knowledge and consent of his client, surrender to the enemy the sacred right entrusted to his protection and guardianship. *Wilson v. Jennings*, 3 Ohio State, 328. *Card v. Walbridge*, 18 Ohio, 411. *Kellogg v. Gilbert*, 10 Johns., 220. *Stuck v. Reese*, 15 Iowa, 122. *Chilton v. Wilford*, 2 Wis., 1.

*George E. Pritchett*, for appellee, The State Bank.

1. The supersedeas bond was not such as is required by law. The order awarding execution directed the payment of nearly $10,000, and the appellant attempted to supersede and prevent its execution by giving a bond for $2,000. The mortgaged property had been sold. Green had no other property in Washington county. All the property he then had was in Douglas county, heavily incumbered, and about to be still more incumbered by judgment rendered in suits brought against him by his attorney in this case and others; and yet the attempt was made to prevent the appellee in this case from taking out execution and securing a lien upon the property in Douglas county, by giving a bond in the sum of $2,000. Argument is not needed to show that the law authorized no such procedure.

2. But the force and effect of the supersedeas bond was waived by the consent of Redick & Connell, attorneys for Green, that the execution for March 1, 1878, be issued.

While it may be true that their mere retainer as attorneys for Green, did not give them authority to make the waiver, yet I claim that they had express

authority. Such is the fact, as shown by the record. It is true Green swears they had none; but Redick, by his affidavit, not only swears to the fact of their being attorneys for Green, giving them the authority conferred by their employment, but supplements the statement by the fact that they did have such authority. The waiver, or consent that execution issue, was made pursuant to an agreement between the parties, by which Green was to have the right to redeem the mortgaged property within seventy days at the price for which it had been sold.

MAXWELL, CH. J.

In April, 1874, the appellant executed and delivered to John I. Redick three promissory notes each for the sum of $8,333.33, payable in one, two and three years, with interest at 10 per cent, and to secure the payment of the same executed a mortgage upon certain real estate in Washington county. It is alleged in the petition that the first note was paid. The second note was indorsed by Redick and transferred to the appellee before maturity. Upon the maturity of the note it was protested for non-payment and notice given to Redick.

In April, 1876, an action of foreclosure for the amount due on the second note was instituted in the district court of Washington county—Green, Redick, and the Omaha National Bank being made defendants; and at the November term, 1876, of said court, a decree for the sum of $10,509.24 and costs, and attorneys' fees, was taken against Green and Redick, the Omaha National Bank being permitted to withdraw its claim without prejudice.

A sale of the mortgaged property was had under said decree, which sale was confirmed on the sixth day

of December, 1877, and an order made that the plaintiff have execution for the deficiency against Green and Redick for the sum of $9,944.73. It was further ordered that in case Green within forty-eight hours executed an undertaking to the plaintiff in the sum of $3,000.00, to pay the plaintiff $2,000.00 in sixty days, that in case of the payment of the money within that time he should have a re-conveyance of the property. The defendant (appellant) excepted to the order, and the supersedeas bond was fixed by the court at $2,000.00. On the next day Green executed a supersedeas bond for the sum of $2,000.00, with sureties, which was approved by the clerk of the court. The following was attached to the bond: "I am satisfied that Fred. King is good surety on any bond to the amount of $2,000.00.

"(Signed), G. E. PRITCHETT."

No motion was made to set aside or amend the bond, but on or about the first day of March, 1878, the following was filed in the district court of Washington county:

"THE STATE BANK OF NEBRASKA ⎱
v. ⎰
"JOHN H. GREEN, ET AL.

"To the clerk of said court: Please issue an execution directed to the sheriff of Douglas county for the deficiency in the above case, being deficiency found due by the order confirming the sale herein," which was signed by the plaintiff's attorney, to which was appended the following: "We hereto consent to the above request being complied with by the clerk of said court," which was signed by Green's attorneys.

Upon this request and waiver being filed with the clerk of the district court of Washington county, an execution for the sum of $9944.73 deficiency was issued to the sheriff of Douglas county, and levied upon certain real estate of Green, but for want of time to adver-

tise, it was returned without a sale having been made. Several orders of sale were issued and returned after said levy without a sale being had. But on the seventh day of October, 1878, said real estate was sold under said levy, upon an order of sale, and the sale was confirmed, on the sixth of the following November. Green resisted the confirmation of the sale and "asked to have the execution heretofore issued in said cause and the order of sale upon which said real estate was sold each set aside for the reason that at the time of the issue of said writs there was on file in said cause a good and sufficient supersedeas bond as provided by law." From the order confirming the sale the defendant Green appeals to this court.

The appellee contends that the supersedeas bond did not stay the execution. First—Because no appeal was taken. Second—Because the bond was not such as is required by the law. Section one of the act "to provide for appeals in actions in equity" (Gen. Stat., 716), provides that "the party appealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court, and file in the office of the clerk of the supreme court, a certified transcript of the proceedings had in the district court, etc.

Section three provides that "No appeal in any case in equity, now pending and undetermined, or which shall hereafter be brought, shall operate as a supersedeas, unless the appellant or appellants shall, within twenty days next after the rendition of the judgment or decree, or the making of such final order, execute to the adverse party a bond, with one or more sureties, as follows :

"*First.* When the judgment or decree is for the payment of money the bond must be in double the amount of the judgment.

"*Second.* Where the judgment or decree directs the execution of a conveyance the bond shall be in such sum as may be prescribed by the district court or a judge in vacation.

"*Third.* When the judgment or decree directs the sale or delivery of possession of real estate the bond to be in such sum as the court or the judge thereof in vacation shall prescribe."

Section four provides: "Before any bond executed as aforesaid shall operate as a supersedeas, the execution of the same, and the sufficiency of the sureties therein, must be approved by the clerk of the court in which the judgment or decree was rendered or final order was made."

The right of review by appeal was unknown to the common law. It was borrowed from the civil law and incorporated into the chancery practice of England. It is regulated entirely by statute in this state. The statute requires the appellant, in order to stay the operation of the judgment, to file a proper bond, approved by the clerk, within twenty days from the time of the rendition of the judgment, order, or decree. Upon the bond being filed and approved, the power of the court below to proceed in the case is suspended until the bond is set aside, modified, or the appellant fails to perfect his appeal within the time required by the statute. The filing of the bond is a proceeding in the case and is notice to the adverse party. In addition to this, rule VIII of this court provides for notice to the appellee when the case is docketed in the supreme court. No other notice is required under our statute, although in some of the states, under their peculiar statutory provisions, notice must be given, and it was formerly so in this state under section six hundred and seventy-five of the code as it then existed. See *Redgrave v. Baptist*

*Church*, 1 Neb., 345.   But that provision has since been repealed.

The appellant has six months in which to file his transcript in the supreme court after the date of the rendition of the judgment, order, or decree.   *Glore v. Hare*, 4 Neb., 131.   *Tootle v. White*, Id., 406.   The appellee waived the service of notice as required by rule VIII, and is not in a condition to complain of the failure to be served with notice.   The first objection of the appellee, therefore, is not well taken.

The amount of the bond was evidently fixed by the court under the provisions of the third subdivision of section three, as the effect of the confirmation of the sale would be to divest the defendant of the possession of the real estate in question.   This being the case, the appeal in that case was taken from the order confirming the sale.   The amount of deficiency is contingent altogether upon the amount realized from the sale of the real estate.   If, therefore, the order confirming the sale should be reversed, no order of execution for the deficiency could be made until a re-sale of the premises, as the amount could not be ascertained.   This evidently was the view taken by the court below, and we think it correct.   If any particular objection existed against the bond it should have been made in the first instance in the court below, but the bond apparently is sufficient in form and amount, and it cannot be treated as void.   The second objection, therefore, is overruled.

But it is claimed that the force and effect of the supersedeas bond was waived by the consent of the attorneys for Green.   Our statute provides that an attorney has power:

*First*—To execute in the name of his client a bond for an appeal, certiorari, writ of error, or any other paper necessary and proper for the prosecution of a suit already commenced.

*Second*—To bind his client by his agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court.

*Third*—To receive money claimed by his client in an action or proceeding during the pendency thereof or afterwards, unless he has been previously discharged by his client, etc. [Gen. Stat., 95.]

An attorney has general authority from his client in all matters which may reasonably be expected to arise during the progress of a case. He may make agreements as to continuances, evidence, and the conduct of the trial, because from the nature of the case he must be permitted to use his skill and judgment in the management of the case. And if in such matters he enters into any agreement within the scope of his authority, his client is bound thereby, even though contrary to his interest. *McCann v. McLennan*, 3 Neb., 29. *Palmer v. The People*, 4 Id., 76. *Rich v. State National Bank*, 7 Id., 201.

But an attorney, by virtue of this general authority, cannot authorize an execution to issue against the property of his client while a proper supersedeas bond is on file to provide for an appeal. This is admitted by the attorney for the appellee, but it is claimed the attorneys for Green had special authority from him for that purpose. Green denies positively any such authority, and the burden of proof is on the attorneys to show that such authority existed. No written authority has been shown, and the mere oath of one of the attorneys as to such authority is not sufficient to overcome the positive denial under oath of Green. It follows that Green, having given the necessary bond for an

appeal, the power of the district court to issue execution on the judgment was for the time being suspended, and the clerk had no authority to issue the execution and orders of sale. The court therefore erred in confirming the sale. The judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.