35  707
53  248
54  232

STATE OF NEBRASKA, EX REL. HENRY McCLOSKY ET AL., V. GEORGE W. DOANE, JUDGE.

[FILED NOVEMBER 16, 1892.]

Foreclosure Sale: FAILURE TO FILE EXCEPTIONS TO CONFIRMATION: REVIEW: MANDAMUS TO DISTRICT JUDGE TO FIX AMOUNT OF APPEAL BOND. Where, on the return of an order of sale in a foreclosure proceeding, the defendant has notice of an order to show cause against the confirmation of a sale of the mortgaged property, but allows the sale to be confirmed without exception, he is without a remedy in this court, and a writ of *mandamus* will not be allowed to compel the district judge to fix the amount of an undertaking in appeal in order to enable the defendant to have the order of confirmation reviewed in this court.

ORIGINAL application for *mandamus.*

*Chas. F. Tuttle,* and *Pound & Burr,* for relators.

*Lake, Hamilton & Maxwell,* and *W. W. Morsman, contra.*

POST, J.

This is an original application for a writ of *mandamus* to compel the respondent, one of the judges of the fourth judicial district, to fix the amount of an appeal bond. The material facts are as follows: W. W. Morsman obtained a decree of foreclosure in the district court of Douglas county

against certain real estate in the city of Omaha. There-
after the relator, Henry McClosky, owner of the equity
of redemption, filed a written request for a stay, and the
execution of said decree was accordingly stayed for the
period of nine months. At the expiration of the stay an
order of sale was issued, by virtue of which the mortgaged
property was in due form advertised for sale and sold to
the plaintiff Morsman. On the 24th day of September,
1892, return of said order of sale having been made, the
district court made and entered of record an order to show
cause by the 1st day of October following, why said sale
should not be confirmed. Mr. Tuttle, attorney for the de-
fendants therein, notified the plaintiff that he was about to
object to confirmation of the sale on behalf of said defend-
ants. Plaintiff in reply informed him that if he would
make any such showing as would place the defendant Henry
McClosky on record so that he would be bound by the
order of court with respect to a deficiency judgment he
(plaintiff) would consent to have said sale set aside and a
new sale ordered. Defendants, although notified of the
order to show cause against a confirmation of the sale, made
no motion to set aside the sale or other objections thereto.
After the court had examined the return and entered the
order of confirmation, defendants, by their said attorney,
requested the court to fix the amount of an appeal bond,
saying that they desired to appeal from said order to this
court. In reply to a question by the court if any cause
had been shown against the confirmation and for a defi-
ciency judgment said attorney answered that there was no
objection to the confirmation, but that defendants wished
to appeal. It was further stated by said attorney in open
court that the reason no motion was made to set aside the
sale was that the defendants feared that plaintiff Morsman
would confess such a motion and that the property would
not bring as much on a second sale by $4,000 or $5,000,
thereby increasing by that amount the deficiency judgment.

The request to fix the amount of an appeal undertaking was denied by the court, whereupon this proceeding was instituted by the defendant McClosky. It is claimed by him that the order of confirmation is a final order from which an appeal will lie to this court. (See *Bank v. Green*, 8 Neb., 297; *Berkley v. Lamb*, Id., 392.)

We are also referred to the third subdivision of section 677 of the Code of Civil Procedure, which provides that "when the judgment, decree, or order directs the sale, delivery, or possession of real estate, the bond shall be in such sum as the court or judge thereof in vacation shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay and will not, during the pendency of such appeal, commit, or suffer to be committed, any waste upon such real estate." Under the above provision it is claimed by the relator that he is entitled, as a matter of right, not only to an appeal from the order of confirmation, but also to have execution of the deed to t purchaser and the delivery of possession thereunder stayed during the pendency of his appeal, and to that end it is the duty of the district court to fix the amount of his appeal undertaking. It is true that under our practice an appeal will lie from a final order in an equitable proceeding, as, for instance, an order of confirmation. But what is the force and effect of an appeal from such an order under our practice and how is it to be tried in this court? An examination of this question is attended with much confusion, owing to the fact that in some states all appellate proceedings are denominated appeals, while in others the distinction between appeals in equity and review upon petition in error is strictly adhered to. Ours appears to be a modified form of the old practice, and although the distinction between appeals and proceedings in error is maintained, the difference in cases like this exists in name rather than in fact. An appeal, strictly speaking, is the removal of a cause from a lower to the appellate court for trial *de novo*. Mr. Powell,

in his work on Appellate Proceeding, sec. 4, ch. 6, says: "Although the various modes of proceedings are prosecuted in different ways and called by different appellations, as appeal, review, error, and the like, and these names often confounded and misapplied, yet the object to be obtained is one or the other of two results: either by an appeal to obtain a rehearing and new trial of the case upon its facts and merits, or a review of alleged errors in law in the record of the judgment and proceedings which will result either in the reversal or affirming of the judgment; which are properly called proceedings in error. By the first, the appeal, when perfected in accordance with the statute and the rules of the court, the whole case, with its record and proceedings, is taken from the court below into the appellate court, there to be again tried upon the issues between the parties, as though the case originated in such appellate court; which appeal has the effect to set aside and vacate the original verdict and judgment in the case, and the result remains wholly dependent on the future judgment which may be rendered in the case upon the appeal and new trial. By the second proceeding, review and error, the result depends entirely upon the question whether the appellate court finds the alleged error in the record of the judgment and proceedings of the court below." The practice in this state is evidently modeled after the practice in the English chancery courts, wherein the purchaser at judicial sale was required to procure at his own expense a copy of the report from the master showing that he was the best bidder. After the report had been filed, the purchaser was required to apply to the court by motion for an order of confirmation. Upon such motion an order *nisi* was entered, *i. e.*, that a confirmation absolute would be entered unless cause was shown against it within eight days. If no cause was shown within the time specified the sale was confirmed as a matter of course. (2 Daniel's Ch., 1274, 1275; 1 Sugden on Vendors, 82.)

If the defendants in the foreclosure suit are entitled to an appeal from the order of confirmation, it is apparent that such appeal must be heard in this court upon the record as made up in the district court. It is not therefore an appeal within the ordinary meaning of the term, but rather a proceeding for the purpose of having the order of confirmation reviewed as upon petition in error, but which comes into this court in the manner provided for appeals. And inasmuch as no exception or objection was made to the report of the sale, but, on the contrary, the relator professed to be fully satisfied with the proceedings of the district court, it is apparent that he has now no reason to complain because the court took him at his word and refused to fix the amount of an appeal bond. A defendant who is personally served and is shown to have notice of the order to show cause against confirmation of the sale, but allows it to be confirmed without objection, does not occupy a particularly favorable attitude in this court, whether he comes here by appeal or petition in error. He has had his day in court, and has himself only to blame for being practically without a remedy. The writ is denied and the action dismissed.

WRIT OF MANDAMUS DENIED.

THE other judges concur.