JOHN AND JANE Y. IRWIN, APPELLANTS, v. CALHOUN & CROXTON, APPELLEES.[a]

**Practice:** APPEALS. Since the passage of the act of 1867, abolishing distinctions between actions at law and suits in equity, and repealing Title 24 of the Code of 1866, entitled " Chancery," no appeal lies to the supreme court. The only remedy for obtaining a review of judgments rendered in the district court, whether in actions legal or equitable, is by petition in error.[b]

———: ———. The general course of legislation upon the subject of " Appeals," considered and reviewed by CROUNSE, J.

MOTION to dismiss appeal.

*Calhoun & Croxton*, for the motion.

*Seymour & Wardell*, contra.

CROUNSE, J.

This, with several other equity causes, it is attempted to bring into this court on appeal, and we are asked to review a great mass of testimony and reach a conclusion

[a] Decided special February term, 1872.

[b] See General Statutes, p. 716, and note 2, page 645.

upon the whole record, embodying no bill of exceptions, motion for new trial, or other points to which the attention of the court below was directly called or that of this court especially directed. Since the act of June, 19, 1867, abolishing the distinction between actions at law, and suits in equity, and repealing title twenty four of the code of 1866, entitled "chancery," this cannot be done. Although this mode of proceeding has prevailed at preceding terms, it has been done by indulgence—counsel not objecting and the court not choosing to volunteer in raising any question. But at this term, the right being challenged, we are constrained to hold that there is no warrant, under existing statutes for this manner of review.

The pretended appeal is sought to be founded on title twenty-one of the code of civil procedure of 1866. The first section of that title, being sec. 675 of the code, provides the time in which "appeals hereafter to be tried" shall be taken, and the manner in which it is to be done. But neither under that title, nor by any live statute, is it provided that appeals may be taken; and appeals do not exist by any right other than by statute.

The first act of the first legislature of the territory of Nebraska, was to adopt certain parts of the code of Iowa. *Laws of* 1855. Section 552 declares, "from the decision of the district court an appeal lies to the supreme court." Then follows immediately, and under another head or sub-division, the direction as to the time in which, and the manner of taking such appeal, which, with some amendments enacted at the third session, (*Laws of* 1857, 89,) constitute the title referred to above, as found in the code of 1866. At the fifth session of the legislative assembly, (*Laws of* 1858, 109,) the code was modeled after that of the State of Ohio. This code abolished the "distinction between actions at law" simply, "and the forms of all such actions and suits" theretofore existing, and relates solely to actions at law. This code

was, at the time of its adoption, substantially as it stands to-day in the Revised Statutes. It provides the way of prosecuting an action at law to judgment. It further provides, (*sec.* 522, *Laws of* 1858, 197,) that " a judgment rendered or final order made by the district court, may be reversed, vacated, or modified, by the supreme court, for errors appearing on the record." A petition in error is to be filed in the supreme court, and with it a transcript of the proceedings had in the district court. Certain alleged errors of the court below, which it is proposed to review, are frequently brought into the record by bills of exceptions containing portions of the testimony. But it is rarely ever the case that it is necessary to bring up all the testimony.

Under the Organic Act, as it was interpreted, proceedings in suits in equity were kept distinct. In the year 1864 an act, known as the Chancery Act, was passed providing the manner of conducting these. After issue joined, the cause was usually referred to a master who took the proofs in writing. If objection was taken to any question, the master did not decide on its competency, materiality, or relevancy, but simply made a note of it. Upon the pleadings, the proofs thus taken, and depositions if any, the case was submitted to a judge of the district court, as chancellor, and a decree rendered, or final order made. From such decree or final order an appeal to the supreme court could be taken. The appeal was taken by filing in the office of the register of the court in which the action was brought, a notice in writing of the appeal. When this was done, and a minute thereof, and of the date of its being done, made in the appearance docket, the appeal was deemed properly taken. *Laws* 1864, *Sec.* 45, *p.* 162. Within six months after filing the notice of appeal, the appellant was required to file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause, containing the pleadings

and decree rendered, or final order made thereon, and all the depositions of record offered in evidence, and all other evidence of record offered on the hearing of the cause. Upon the record thus constituted the cause was heard as though it were an original case in the supreme court, and imposed on this tribunal the task, frequently, of reading and considering great volumes of testimony in manuscript.

Upon the revision of the laws of a general nature, in the year 1866, these two laws, substantially, the one regulating proceedings in actions at law, and the other the Chancery Act, regulating proceedings in suits in equity, were incorporated in the Revised Statutes. In their appropriate places respectively, will be found the mode of reviewing a judgment rendered in an action at law, and the manner of reviewing a decree rendered in a suit in equity. *R. S.* 1866, *p.* 520. In the same volume, however, sandwiched between a title on one side relating to "Contempts," and on the other by one on "Boats," is found Title 24, having for its subject "Appeals from the District to the Supreme Court." Although for a long time obsolete, yet the title had never in terms been repealed, and was presented by the compiler of the statutes to the legislature of 1866, as a law in force. That body, in the hurry which attended the labor of revising so many statutes, in the few days allowed, omitted to discard it. Yet until the repeal of the "Chancery Act," or so much of the Code of Civil Procedure as relates to chancery proceedings, no use could be, or was, as I believe, made of it.

On becoming a state, and relieved from the force of the Organic Act creating the territorial government, one of the first acts of the state legislature was to repeal the "Chancery Act," and to abolish the distinction between actions at law and suits in equity. There can be no doubt that the purpose was to have but one course of proceeding

for either class of cases, and to extend it to proceedings on review, as well as to any other stage of a case. Uneducated under the modern practice which discards the difference between proceedings in legal and in equitable actions, some were ready to accept this title under question as authority, under which to seek a review of judgments in actions of an equitable character. But there is no more authority for attempting to *appeal* from a judgment in an action of an equitable nature, than there is from one purely legal. The distinction is not made in terms and must be entirely assumed. To permit judgments in either class of actions to be reviewed in two different ways would lead to great confusion, and could not have been intended.

With so much of the Revised Statutes as is known as the " Chancery Act " repealed, the only express authority for appealing to the supreme court, from the decrees or judgments of the district court in cases generally, is blotted out. The context, giving the right of appeal, as found in the early statutes, was not brought into the Revised Statutes with Title 24. That right was repealed by the enactment of the Revised Statutes, and, by inadvertence, sections were brought into the laws, providing for the manner of taking appeals, when there is no law providing that they may be taken. The only way then for obtaining a review of judgments rendered in the district court, whether in actions legal or equitable, is by petition in error.

Sec. 6, of the act amending the Code of Civil Procedure, which undertook to provide for a general mode of review by appeal, instead of by petition in error, having first been declared by this court unconstitutional and then repealed, (*Laws of* 1871, 113,) needs not to be considered.

This case, as well as others in like condition, must therefore be stricken from the calendar, as not having been properly brought into this court.

APPEAL DISMISSED.