The State of Nebraska, ex rel. Joseph McGraw, plaintiff in error, v. Gran. Ensign, defendant in error.

1. **Criminal Law**: appeal. The right of appeal under section 324 of the criminal code is restricted to the defendant, and does not apply to a complainant against whom a judgment for costs has been rendered.

2. ———: costs. Where a jury found that the complaint was without probable cause, and judgment for costs was thereupon rendered against the complainant, and he was committed to jail until the same was paid, *Held*, first, that a complainant could not be imprisoned for costs ; second, that costs in such case was a mere civil liability.

Error to the district court for Lancaster county. Heard below before Pound, J.

*Burr & Kelly*, for plaintiff in error.

*Galey & Abbott*, for defendant in error.

Maxwell, Ch. J.

The petitioner, Joseph McGraw, on the 22nd day of April, 1881, filed a complaint on oath before J. I. Johnson, justice of the peace, charging one Frederick W. Mere, with disturbing a school meeting held on that day in school district No. 71, of Lancaster county. On the trial of the cause the jury returned the following verdict:

"State of Nebraska ⎫
　　　vs.　　　　　⎬
Frederick Mere. ⎭

"We, the jury in this case, being duly impaneled and sworn, do find and say that we find the defendant not guilty, and that the complaint was without probable cause.　　　　"Geo. P. Tucker, foreman."

3G

The justice thereupon rendered judgment against McGraw for all costs accrued in the proceedings, and McGraw refusing to execute a bond to pay said costs within thirty days from that date, the justice issued a mittimus to the sheriff to confine said McGraw in the county jail until said costs were paid. McGraw thereupon sued out a writ of *habeas corpus* in the district court of Lancaster county, praying for his discharge from imprisonment. On the hearing the writ was dismissed and the petitioner remanded to the custody of the jailor. He now brings the cause into this court by petition in error.

Immediately after the rendition of the judgment McGraw filed an undertaking with sufficient sureties for an appeal. The justice refused to approve the undertaking and grant the appeal, which refusal is now assigned for error. Will an appeal lie in such case?

Section 322 of the criminal code provides that: "Whenever the defendant shall be tried under the provisions of this chapter, and found guilty either by the magistrate or jury, or shall enter a plea of guilty, the court shall render judgment thereon, assessing such punishment either by fine or imprisonment, or both, as the nature of the case may require and the law permit. In such case the defendant shall, in addition to the fine or imprisonment, be adjudged to pay the costs, and to be committed to the county jail until the judgment be complied with. Whenever the defendant, tried under the provisions of this chapter, shall be acquitted, he shall be immediately discharged, and if the magistrate or jury trying the case shall state in the finding that the complaint was malicious or without probable cause, the magistrate shall enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon such complaint, and shall commit such complainant to jail

until such costs be paid, unless he shall execute a bond to the people of the State of Nebraska in double the amount thereof, with security satisfactory to the justice, that he will pay such judgment within thirty days after the date of its rendition."

Section 323 provides that: "The judgment of the magistrate shall be carried into effect as provided in chapter forty-nine. Prosecutions under this twenty-ninth chapter shall be governed by the provisions of this criminal code, so far as the same are applicable."

Section 324 provides that: " The *defendant* shall have the right of appeal from any judgment of a magistrate, imposing fine or imprisonment, or both, under this chapter, to the district court of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment. No appeal shall be granted or proceedings stayed unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance to the people of the State of Nebraska in a sum not less than one hundred dollars, and with sureties to be fixed and approved by the magistrate before whom said proceedings were had, conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him." Comp. Stat., 715.

The right of appeal is limited to the *defendant,* and it is impossible to extend the term to the complaining witness when assessed with costs, because the conditions of the recognizance are in substance that the defendant will appear at the next term of the district court of the county to answer the *complaint* made against him. The right of appeal being purely a statutory right, and the complainant not coming within either the letter or spirit of the law, an appeal will not lie at his instance.

The right to imprison a complainant for costs without a complaint, specifying the offense, and an opportunity to make a defense, may well be questioned.

Section 3, article I of the constitution provides that: "No person shall be deprived of life, liberty, or property without due process of law."

Section 11 provides that: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation, and to have a copy thereof; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

A complaint under oath, charging a party with the commission of some offense against the law, must be filed before a party can be subjected to imprisonment in the county jail; yet the legislature has assumed to provide that upon the mere finding of a jury or justice that the complaint was malicious or without probable cause, the justice shall render judgment against the complainant for costs, and commit him to jail until he pay the same, unless he give security for their payment.

We have no hesitation in saying that in this the legislature exceeded its power. The mere failure to prove the charge made in a complaint is not conclusive evidence of want of probable cause or of malice. A party may be convinced of the existence of a tippling or gambling shop at a certain place or of other means by which the morals of the community are corrupted or debased, and yet upon the trial; from the peculiar or secret nature of the business, may be unable to prove the charge. Does such a case upon the trial assume the form of a contest between the accused and the

accuser as to which shall be imprisoned? We think not. And in no case can a complainant be subjected to imprisonment for a failure to pay costs. When the offense charged is a misdemeanor, the justice, before issuing the warrant, may require the complainant to acknowledge himself liable for the costs, and if he deem him irresponsible may require security. If the justice fails to do this, the claim is merely a civil liability, and the constitution provides that there shall be no imprisonment in a civil action except in cases of fraud. It follows that the judgment must be reversed and the petitioner must be discharged.

JUDGMENT ACCORDINGLY.