STATE, EX REL. BARTHOLOMEW DONAVAN, V. THOMAS PALMER ET AL., SCHOOL BOARD DISTRICT NO. 7, COLFAX COUNTY.

1. **Schools:** ATTACHING PARTS OF TERRITORY TO DISTRICT. Where, on petition of the parent to the county superintendent, stating that it is impracticable, on account of streams of water, for his children to attend school in the school district in which he is situated, the superintendent has authority, and it is his duty if he finds the statements true, to attach to an adjoining district so much territory as may be necessary to give such children school privileges.

2. ————: JURISDICTION OF COUNTY SUPERINTENDENT. An order of the county superintendent as to the formation, division or change of school districts where he has jurisdiction cannot be attacked in a collateral proceeding.

ORIGINAL application for mandamus.

*M. B. Hoxie*, for relator.

*C. J. Phelps*, for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the defendants to permit the children of the relator to attend the public school in district No. 7 of Colfax county, of which the defendants are officers. The relator served notice on the defendants, as required by the rules, and the defendants appeared by attorney and contested the right of the relator to the relief sought.

The relator alleges in his petition that he "is the head of a family, and is now, and was at the times hereinafter mentioned, the father of seven children of school age, to-wit: John W., eighteen years old; Clarabel, fifteen years old; Charles L., thirteen years old; Anna, ten years old; Addie, eight years old; James B., seven years old; and Sophronia, over five years old, all of said children at said times, and now are, living at home with the plaintiff, and under his care and custody.

4. That plaintiff was a resident and tax payer of school district number nine of said Colfax county prior to September 12, 1885.

5. That plaintiff is a farmer, and has been for several years last past, and owns the farm and lands herein mentioned; that prior to the last mentioned date, Sept. 12, 1885, 160 acres of his farm were in said district number seven, and part—to-wit, the south half of the north-east quarter, and the north-west quarter of the south-east quarter of section sixteen in township eighteen north, of range four east of the 6th principal meridian—was in said district number nine; that his residence is on the lands last described, and was situated about four rods from the imaginary line dividing said districts. That his said house was, and is, nearly four miles from the school-house in said district nine; that at times, in wet seasons, it was, and is, impracticable for his said children to attend school in said district nine, there being six streams and branches of

streams, subject to overflow at times, to cross in going from his house to said district school-house; that his said residence was, and is, about two miles and a half from the school-house in said district seven, with no streams or low places to cross.

6. That upon the proper showing made by plaintiff, W. T. Howard, the superintendent of public instruction for said Colfax county, did, on the 12th day of September, 1885, detach the said south half of the north-east quarter, and the north-west quarter of the south-east quarter of said section sixteen from said district nine, and attach the same to and made it a part of said district seven.

7. That after the said action taken by the said county superintendent, the said defendants, with three other residents, tax payers of said district number seven, presented their protest to said superintendent protesting against his said action in attaching plaintiff to said district seven.

8. That the said superintendent thereupon appointed a day, to-wit, the 5th day of October, 1885, at one o'clock P. M. of said day, for a hearing of all the parties interested in said matter, at which time the parties appeared in person and by counsel; that the said superintendent heard all the evidence offered by the parties, the argument of counsel, and after visiting the residence of plaintiff and the said district, and making personal examination, found that it was impracticable for plaintiff to send his said children to the school in district number nine, and made an order allowing his said order of September 12th, 1885, to stand, and the said south half of the north-east quarter and the north-west quarter of the south-east quarter of section sixteen, township eighteen north, of range four east of the 6th principal meridian, to be and remain a part of said district number seven.

9. That by reason of such action this plaintiff is now, and has been, a resident tax payer in and of said district number seven since the said 12th day of September, and

his said children living with him and are entitled to all the rights and privileges of school in said district.

Then follows an allegation that the defendants refuse to permit the relator's children to attend school. The justification of the defendants is an order made by themselves as the school board of said district 7, wherein "it was ordered that the children of Barth. Donavan be excluded from attendance of the school, it being believed, upon counsel had, the said Donavan is not within the lawful bounds of our school district." There is also a copy of the order of the county superintendent, as follows:

"SCHUYLER, NEB., Sept. 12th 1885.

"Barth. Donavan having this day certified before me that Dry Creek, a branch of Maple Creek, renders it impracticable during wet seasons of the year for his children to attend school in their own district (No. 9 of Colfax Co.), therefore, according to section 4, subdivision 1 of school law, I have detached the S. ½ of N. E. ¼ of sec. 16, and N. W. ¼ of the S. E. ¼ of sec. 16 of said district, and joined the same to district No. 7 of Colfax county."

The defendants in their answer admit that this order was made, but allege that it was obtained by fraud, and they seek to put in issue in this proceeding errors in granting the order. The provision of the statute under which the order was made is as follows:

" *Sixth.* No new district shall be formed containing less than four sections of land, nor shall any district be reduced by subdivisions or otherwise so as to contain less than that amount, unless the district so formed, or the part of the district remaining after division, shall have an assessed valuation of property of not less than twelve thousand dollars. No district shall be formed extending more than six miles in one direction on section lines; *Provided,* That when streams of water or water-courses make it impracticable to form districts containing four sections,

then the county superintendent may form districts with less than four sections without regard to valuation. Where streams of water make it impracticable for children to attend school in their own district, the county superintendent shall have authority, and it shall be his duty when requested by the parents of such children, to attach to adjoining districts such territory as *he* may deem necessary for the purpose of giving said children school privileges." Comp. Stat., Chap. 79, Subdv. I., § 4.

The statute clothes the county superintendent with power, when certain conditions are complied with, to form new districts, and, when necessary, to make changes in those already existing. Where streams of water render it impracticable for children to attend school in their own district, he is not only authorized, but required, on the application of the parents of such children, and the truth of the statement being established, to attach to an adjoining district such territory as he may deem necessary to give such children school privileges. The policy of our law is to have every child in the state between the ages of five and twenty-one years attend school. For this purpose every organized county in the state, where the number of settlers will justify it, is divided into school districts, which are to a large extent supported by the school fund of the state. And to secure efficiency in the system, the school districts and schools of each county are placed under the general supervision of a county superintendent. He is invested with power, upon proper petitions being filed in his office, to create, divide, or change a school district or districts, and if he acts within the scope of his authority his orders are not subject to collateral attack. No doubt such an order is final within the provisions of section 580 of the Code, and subject to review.

The county superintendent may reasonably be supposed to be familiar with the topography of the several school districts in his county, and the consequent necessity for a

change, if one is desired. Hence the statute has conferred original authority upon him; and his orders, where he has jurisdiction, are final until modified, vacated, or set aside in a proper proceeding. This is decisive of this case. A peremptory writ must be awarded as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.