43   451
53   248
54   172

STATE OF NEBRASKA, EX REL. JOHN SKIRVING, V. W. W. BETHEA.

FILED JANUARY 5, 1895.   No. 6829.

1. **The right of appeal** did not exist at common law.   This right is purely a statutory one, and unless expressly conferred does not exist.   *Wilcox v. Saunders*, 4 Neb., 569, and *State v. Ensign*, 11 Neb., 529, followed.

2. **An appeal** does not lie from the judgment of a board of supervisors removing from office a county officer impeached before and convicted by them on charges of maladministration in office.

ORIGINAL application for *mandamus* to compel the county clerk of Holt county to accept and approve the appeal bond of John Skirving who sought to appeal from a judgment of the board of supervisors removing him from the office of clerk of the district court for official misdemeanors.   *Writ denied.*

T. V. Golden, R. R. Dickson, and N. D. Jackson, for relator.

*H. E. Murphy* and *M. F. Harrington, contra.*

RAGAN, C.

John Skirving was clerk of the district court of Holt county. As a result of impeachment proceedings instituted against him he was, by the board of supervisors, found guilty of corruption, official misdemeanors, and of willful maladministration in office, and a judgment removing him from office was rendered against him by said supervisors. Skirving thereupon made out and tendered to the county clerk of said county a bond for the purpose of appealing from the judgment rendered against him in said impeachment proceedings to the district court of said county. The county clerk refused to accept and approve said bond. Skirving then instituted this action in this court against W. W. Bethea for a peremptory writ of *mandamus* to compel Bethea, who is county clerk of said Holt county, to accept and approve the bond tendered him for the aforesaid appeal.

The sole question in the case is whether a judgment of removal from office rendered by a board of supervisors against a clerk of the district court, as a result of impeachment proceedings, is appealable. The right of appeal did not exist at common law. This right is purely a statutory one, and unless expressly conferred does not exist. (*Wilcox v. Saunders*, 4 Neb., 569; *State v. Ensign*, 11 Neb., 529.) We do not think that the legislature ever intended that an appeal should be granted from such a judgment as the one in this case. In the first place, there is no appeal provided for, either expressly or by implication; and it was not the intention of the legislature that an officer convicted and removed from office for betraying the trust reposed in him by the people should stay execution of removal by appealing. This would be for the law to defeat its own ends. (*State v. Meeker*, 19 Neb., 444.) The effect of an appeal in this case

would be to stay execution of the judgment appealed from. If the legislature had intended that the party found guilty of misconduct in office, and ousted therefrom, should have the right to have the impeachment proceedings tried again by the courts, it would have provided in express terms for an appeal. It has not done so. There is no provision anywhere in the statutes for an appeal in this kind of a case. There is no provision in the statutes for a retrial of such a case before a court or before a jury. The writ must therefore be

Denied.