## FRED O'CHANDER v. CHRISTIAN HANSEN.

### FILED MAY 19, 1896.  No. 6619.

1. **Criminal Law: APPEAL FROM COUNTY COURT.** The right of appeal
   from the county to the district court in a criminal prosecution is
   restricted to the defendant.   An appeal will not lie in favor of the
   complaining witness against whom a judgment for costs has been
   rendered.

2. ———: **COSTS.** The constitutionality of that portion of section 322
   of the Criminal Code which provides for the rendering of judgment
   for costs against the complainant not considered or decided.

ERROR from the district court of Dakota county.   Tried
below before NORRIS, J.

*Jay & Beck, J. B. Barnes,* and *Mockett & Polk,* for plaint-
iff in error.

*R. E. Evans, contra.*

NORVAL, J.

Fred O'Chander filed a complaint in the county court
of Dakota county charging Christian Hansen with un-

lawfully, wantonly, and maliciously cutting and throwing down a fence on complainant's land. Hansen was arrested, tried, and found not guilty, and the costs, amounting to $113, were taxed to the complaining witness. He thereupon filed with the county judge an appeal undertaking, which was approved by the latter, and the cause was docketed as an appeal in the district court of that county. Subsequently, on motion of the county attorney, the appeal was dismissed for the reason that an appeal will not lie, and to reverse this order O'Chander prosecutes a petition in error to this court.

The judgment for costs was rendered in accordance with section 322 of the Criminal Code, which declares: "Whenever the defendant, tried under the provisions of this chapter, shall be acquitted, he shall be immediately discharged, and if the magistrate or jury trying the case shall state in the finding that the complaint was malicious or without probable cause, the magistrate shall enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon such complaint, and shall commit such complainant to jail until such costs shall be paid," etc. In *State v. Ensign*, 11 Neb., 529, that part of the foregoing provision which provides for imprisonment of the complainant for failing to pay the costs taxed against him by the magistrate was held to be unconstitutional and void. And it is now insisted that so much of said section as authorizes the rendering of judgment for costs against a complaining witness in a criminal case contravenes section 3, article 1, of the state constitution, which declares: "No person shall be deprived of life, liberty, or property without due process of law," and the reasoning and argument of the opinion in *State v. Ensign*, *supra*, is invoked to support the contention of counsel. The invalidity of the judgment cannot be questioned in this proceeding, or properly considered and determined by us at this time, unless the court below obtained jurisdiction by reason of the appeal. If it did not, it is obvious that the court had no

authority to pass upon the constitutionality of the provision of the statute quoted, and consequently no greater power is conferred upon this court to do so.

Whether jurisdiction was acquired by the appeal depends upon whether the complainant had the right to prosecute an appeal or have the cause reviewed in that mode. That he has no such right was asserted in the opinion of *State v. Ensign*, 11 Neb., 529. It must be conceded that there is no right of appeal unless given by some constitutional or statutory provision. Turning to the constitution of this state, section 17, article 6, we find: "Appeals to the district courts from judgments of county courts shall be allowed in all criminal cases, on application of defendant; and in all civil cases, on application of either party, and in such other cases as may be provided by law." The framers of that instrument have authorized the accused alone to remove a criminal action from the county court to the district court by appeal. The constitution and the statute alike authorize appeals from the county court, in civil actions, by either party. By section 324 of the Criminal Code the right of appeal from a judgment rendered before a magistrate in a criminal prosecution, imposing a fine or imprisonment, or both, is allowable; but such right is restricted to the defendant. It is not conferred upon either the state or the complainant. That the judgment for costs was rendered in a criminal and not a civil case is plain enough, so that it is unnecessary to refer to the statutory provisions relating to appeals in civil cases, since they are not applicable. It is not improbable that O'Chander was entitled to have the judgment of the county court reviewed by petition in error, under section 580 of the Code of Civil Procedure, but whether so or not, it is very evident no right to appeal has been given him either by the statute or the constitution. The conclusion reached precludes a consideration of the validity of section 322 of the Criminal Code, or the judgment rendered thereunder.

The judgment of the district court dismissing the appeal was right and is

AFFIRMED.