WILLIAM POLLOCK ET AL. V. SCHOOL DISTRICT No. 42
ET AL.

FILED MARCH 3, 1898.   No. 7904.

School Districts: APPEAL FROM ORDER OF COUNTY SUPERINTENDENT. An appeal will not lie from the order of a county superintendent changing the boundaries of school districts or creating new districts. The method of reviewing such proceedings is by petition in error.

ERROR from the district court of Antelope county. Tried below before ROBINSON, J. *Reversed.*

*E. D. Kilbourn,* for plaintiffs in error.

*C. C. Jones, contra.*

IRVINE, C.

The county superintendent of Antelope county, on petition of certain voters of school district 42 in that county, set apart certain territory from that district and created therefrom a new district. The proceeding was taken to the district court, not by petition in error, but in the form of a technical appeal. A motion was made in the

district court to dismiss the appeal for want of jurisdiction. This motion was overruled, and the district court reversed the action of the superintendent and restored the school district to its former condition. To reverse that judgment this proceeding in error is brought, and the action of the district court in overruling the motion to dismiss the appeal is one of the assignments of error, and the only one necessary to consider.

The power to change the boundaries of school districts is conferred on the county superintendent by Compiled Statutes, chapter 79, subdivision 1, section 4. To authorize the exercise of such power a petition of voters of the territory affected is requisite. The power so vested in the superintendent is to a certain extent judicial in its character and subject to review. (*State v. Palmer*, 18 Neb. 644; *State v. Clary*, 25 Neb. 403.) Section 580 of the Code of Civil Procedure authorizes the review by the district court, on petition in error, of judgments rendered or final orders made by a probate court, justice of the peace, or any other tribunal, board, or officer exercising judicial functions, and inferior in jurisdiction to the district court. This provision affords an adequate remedy in such cases as the present. An appeal, in the technical sense of the term, is a remedy which exists only by force of statute and within the limits defined by statute. (*Wilcox v. Saunders*, 4 Neb. 569; *State v. Ensign*, 11 Neb. 529; *State v. Bethea*, 43 Neb. 451; *Nebraska Loan & Trust Co. v. Lincoln & B. H. R. Co.*, 53 Neb. 246.) There is no statute allowing an appeal from such orders of the county superintendent, and consequently the right of appeal does not in such case exist. In *State v. Clary, supra*, it is said in the syllabus that from the decision of the superintendent in such a matter "an appeal lies to the district court of the proper county," and in the course of the opinion the word "appeal" is used as characterizing the review of the order by the district court; but when the whole opinion is read it is evident that the court was there using the word in its broader sense, applying to all methods of review by

superior tribunals. (See *Nebraska Loan & Trust Co. v. Lincoln & B. H. R. Co., supra.*) The action before the court was mandamus, and what the court held was that the decision of the county superintendent was in the exercise of a power judicial in its nature, and subject to review by appellate proceedings, and, therefore, that such action could not be controlled by mandamus. The method of review was not a matter under particular investigation, although the court cited section 580 of the Code as affording the proper method. It is evident that the court had in mind proceedings in error and not a technical appeal; and, the distinction between the two methods not in that case requiring examination, the word "appeal" was used in its broad and familiar sense, and referring to proceedings in error rather than in contradistinction thereto. This is the more evident because in *State v. Palmer, supra,* the court had pointed out a petition in error as the appropriate remedy in such cases. In *School District v. Coleman,* 39 Neb. 391, it would seem that a technical appeal had been prosecuted to judgment in the district court, but the question of jurisdiction was not raised or considered. The judgment of the district court must be reversed and the cause remanded with directions to dismiss the appeal.

REVERSED AND REMANDED.