KENT K. HAYDEN, RECEIVER, APPELLANT, V. JAMES B. HALE ET AL. (ELIAS BAKER, APPELLEE.)

FILED JANUARY 5, 1899.    No. 8593.

Appeal: ACTION AT LAW: JURISDICTION. An appeal from an order or judgment of the district court in a law action does not invest this court with jurisdiction of the cause.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J. Dismissed.

Cobb & Harvey and G. M. Lambertson, for appellant.

Samuel J. Tuttle, for appellee.

SULLIVAN, J.

In an action on a promissory note Kent K. Hayden, as receiver of the Capital National Bank, obtained a judgment against James B. Hale and Joshua Perrin in the district court of Lancaster county for the sum of $1,258.50. This judgment was paid by the defendants therein to Elias Baker, as clerk of the said court. Afterwards Hayden filed a motion to require Baker to pay over to him the whole of the money so received. Baker answered the motion, alleging that various parties had sued Hayden, in his trust character, in said court and

National Life Ins. Co. v. Martin.

had recovered judgments against him for costs; that such costs being unpaid, fee bills were issued for their collection, and levied by the sheriff upon a portion of the money paid to the clerk on the judgment in favor of the receiver and against Hale and Perrin; that the money so seized by the sheriff was returned to the clerk and was by him applied to the payment of said costs. The court denied the motion, and to obtain a reversal of this ruling the record is brought here by appeal.

At the threshold of the case is the question of jurisdiction. By section 675 of the Code of Civil Procedure it is provided: "That in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court, to the supreme court of the state." That the order complained of was not made in an action in equity, is a proposition too clear to admit of discussion. This court is, therefore, without power or authority to either affirm or reverse it. Any judgment rendered here would be a mere nullity. (See *Lowe v. Riley*, 57 Neb. 252; *Campbell v. Farmers & Merchants Bank*, 49 Neb. 143; *Nebraska Loan & Trust Co. v. Lincoln & B. H. R. Co.*, 53 Neb. 246.) The proceeding is

DISMISSED.