Maxwell, J.
Tootle, Farleigli & Co., commenced an action in tbe dsitrict court of Cass county against tbe defendants to foreclose a certain mortgage executed and delivered to. tbe plain tiffs by tbe defendants, Francis S. White, Diana White, A. Spires, and L. J. Spires, on tbe east half of lot six in block thirty-five in the city of Plattsmoutli, lots *404 two, three, four, five, six and seven in block one, in Stiles’ addition to the city of Plattsmouth, and the south half of the south west quarter of section eight, town twelve north of range nine east in Saunders County. Hamburger & Berliner answered that they had a mortgage on the east half of lot six, in the city of Plattsmouth, which was prior to that of plaintiffs. On the hearing of the cause, the court found the amount due plaintiff to be the sum of $724.58, and the amount due Hamburger & Berliner to be $2,887.50, and rendered adecree of foreclosure and sale, and that the money derived from the sale of the east half of lot six, in block thirty-five, be brought into court to be applied according to the priority of liens.
On the thirtieth day of December, 1873, an order of sale was issued out of the district court of Cass county directed to the sheriff of said county, commanding him to sell the east half of lot six in block thirty-five in Plattsmouth city, and lots two, three, four, five, six and seven in block one in Stiles’ addition to Plattsmouth city, the east half of lot six in block thirty-five to be sold separately, and the proceeds to be brought into court to await the further order of the court. The amount of the decree as stated in the order of sale is seven hundred and twenty-four dollars and fifty-eight cents, with interest and costs.
On the back of the order of sale is the following indorsement; “amount of decree $724.58,” being the amount found due plaintiffs in the decree.
The east half of lot six, in block thirty-five, in Plattsmouth city was sold to the plaintiffs for the sum of $3351.00, and lots two, three, four, five, six, and seven in block one, in Stiles’ addition to Plattsmouth city, were purchased by plaintiffs for the sum of $334.00. On the twentieth day of July, 1874, White and Spires by their attorneys, Sprague and Wilson, filed a motion in the district court of Oass county, to set, aside the sale on *405 various grounds, and claiming “that the amount of said decree due the plaintiff upon which said order of sale was issued, and upon which said sale was made, has been fully paid off and satisfied,” and “ that all of said property sold for a sum grossly inadequate to its real value.” The plaintiffs by their attorneys gave their assent in writing to have the sale set aside. Affidavits were filed as to the value of the property showing the value thereof to be somewhat greater than the amount of the bids.
The court thereupon set the sale aside. On the twenty-first day of July, 1874, Hamburger & Berliner, by their attorneys filed a motion in said court to vacate the order setting aside the sale of the east half of lot six, in block thirty-five, which motion was sustained, and the sale of the east half of lot six, in block thirty-five, was thereupon confirmed, and the sheriff ordered to pay the proceeds of the sale of said lot into court, to abide the "further order thereof.
It is not the design of the law to permit each mortgagee in cases of this kind, to have a separate order of sale for the amount found due him in the decree, but an order of sale must be as broad as the decree and must be issued for the entire amount found due therein, to pass a perfect title by a sale.
Proceedings in foreclosure in this state are governed by statute. All persons having an interest in the mortgaged premises not adverse to the mortgagor are necessary parties to a suit to foreclose a mortgage, in order that a perfect title may pass by a sale under a decree. In an action of this kind the court, on the hearing, finds the amount due on the note and nrortgage, or in case of two or more mortgages, the amount due on each, and the priority of liens, and renders a decree of foreclosure and sale, the proceeds of the sale to be applied *406 to the payment of the amounts found due in the order of their priority. The sale must be conducted in all respects like a sale of real estate upon execution. In this case no attempt was made to sell under the entire decree. The amount found due the plaintiffs was $724.58, and the order of sale was issued for that amount; this may have been, and probably was, a mistake of the clerk, but the sheriff could sell no greater interest than the order of sale authorized him to sell; the interest of Hamburger & Berliner under the decree-in the mortgaged premises was neither sold nor offered for sale. Had White & Spires tendered the sheriff the amount of $724.58, at any time before the sale, together with interest and costs, it would have been his duty to have received the amount so tendered, and to have returned the order without making a sale.
White & Spires filed a motion to set the sale aside on various grounds, the plaintiffs consented in writing that, the sale might be set aside, and asked to be released from the same, and on the twenty-first day of July, 1874, the plaintiffs filed a motion to set the sale aside, which was overruled.
Courts of equity for a long period have extended every reasonable facility for the redemption of mortgaged premises. The mortgagor remains the owner of the legal title to the mortgaged premises, until a sale is made in conformity to law, and under the act of 1875, until the sale is confirmed.
White & Spires still have the right to redeem the premises in question, by paying the amount due on the decree, and no sale having been made under the decree in favor of Hamburger & Berliner, these parties are not in a position to insist that the sale in question shall be confirmed.
The judgment of the district court is therefore reversed *407 and the sale set aside, the costs of said sale in the court below to be taxed to the plaintiffs.
Judgment accordingly.
Upon-a motion to dismiss the appeal taken in the above cause, Mr. Justice Maxwell delivered the opinion of the court as follows:
Maxwell, J.
Hamburger and Berliner, by their attorneys, at the July term, 1875, filed a motion to dismiss the appeal in this action, assigning various grounds therefor, only one of which it is necessary to notice, viz.: “because plaintiffs failed to file a certified transcript of the proceedings had in the district court, in and for Oass county, within six months after the date of the rendition of the judgment, as the law required.” The transcript was indorsed, “Filed, January 28, 1875.” The plaintiffs’ attorney, by leave of court, filed an affidavit stating that he left the transcript with the clerk of the supreme court, on or about the fifteenth day of January, 1875, and before the twenty-first day thereof, and that there was an error in the date of filing. The transcript, it appears, was left with the deputy clerk, who was unable to state the date at which it was received. Section one of an act to provide for appeals in actions in equity, provides that “ in all actions in equity either party may appeal from the judgment or decree rendered, or final order made by the district court, to the supreme court of the state; the party appealing shall within six months after the date of the rendition of the judgment or decree or the making of the final order procure from the clerk of the district court, and file in the office of the clerk of the supreme court, a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment or decree ren *408 clered, or final order made therein, and all the depositions, testimony and proof offered in evidence on the hearing of the cause, and have the said cause properly docketed in the supreme court; and on failure thereof, the judgment. or decree rendered or the final order made in the district court shall stand and be proceeded in as if no appeal had been taken.”
The appellant has six months after the date of the rendition of a judgment in the district court, in which to file .a transcript in this court. The date of filing indorsed on a transcript, by the clerk, is merely prima faoie evidence of the time at which it was received by him. If a mistake has been made in the date, to the prejudice of either party, it is the duty of the court to correct it, and affidavits will be received for the purpose of determining when the transcript was delivered to the clerk.
As it is clearly shown by the affidavit on file that the transcript was delivered to the clerk within six months after the date of the rendition of the judgment, the motion to dismiss the appeal is overruled.
Motion overruled.