HERMAN KOUNTZE v. JOHN H. ERCK.

FILED JUNE 18, 1895.    No. 7749.

1. **Mortgages**: FORECLOSURE: DEFICIENCY JUDGMENT: SUPER-
SEDEAS BONDS.  Where, upon the confirmation of sale of real
estate made under a decree foreclosing a mortgage, the court ren-
ders a judgment for the amount of the deficiency and awards
execution therefor, the penalty of a supersedeas bond on appeal
from the order of confirmation is not required to be double the
amount of the deficiency judgment, but must be in such sum as
the court or judge shall fix, and conditioned as prescribed by
the third subdivision of section 677 of the Code of Civil Pro-
cedure.

2. ——: ——: ——: ——.  Where a proper supersedeas bond
for an appeal from an order of confirmation is duly filed and ap-
proved, execution cannot be issued upon the deficiency judg-
ment until the bond is set aside or modified, or the appellant
fails to perfect his appeal, or the appeal is determined.  *State
Bank v. Green*, 8 Neb., 297; 10 Neb., 130, followed.

MOTION by plaintiff to vacate a bond given to supersede
confirmation of sale and deficiency judgment rendered by
the district court of Douglas county, and to quash the bill
of exceptions.  The case was heard below before AM-
BROSE, J.  *Motion overruled in part and sustained in part.*

*Winfield S. Strawn,* for the motion.

*George O. Calder, contra.*

NORVAL, C. J.

An action was instituted in the court below by Herman
Kountze against John H. Erck to foreclose a mortgage on
certain real estate in the city of Omaha, executed by the
defendant to the plaintiff to secure the payment of a
promissory note calling for $7,775.62, with seven per cent
interest thereon from date thereof until paid.  Subse-

quently, and on the 30th day of December, 1893, the court found that there was due the plaintiff upon his note and mortgage the sum of $8,589.75, and that he was entitled to a foreclosure of the mortgage as prayed. Judgment and decree were entered in accordance with these findings, and a special master commissioner was appointed to make the sale. The defendant filed with the clerk a request for stay of the order of sale, and after the expiration of the stay, an order of sale was issued, and the property sold thereunder. The defendant presented objections to the confirmation of the sale, which the court overruled, the sale was confirmed, and deficiency judgment was rendered in favor of the plaintiff and against the defendant in the sum of $5,057.52. To all of which the defendant excepted. Time was given him in which to reduce his exceptions to writing, and on his application the court fixed the amount of supersedeas bond in the sum of $100 to be given to stay the execution of the order of confirmation. On the next day the defendant, with one surety, entered into a supersedeas bond to the plaintiff in the above sum of $100, conditioned " that if the said John H. Erck shall prosecute such appeal without delay and will not during the pendency of the appeal commit or suffer to be committed any waste upon the real estate in controversy, then the obligation shall be null and void, otherwise to remain in full force and effect." This bond was presented to, filed with, and approved by the clerk of the district court as by law provided. Subsequently, the plaintiff submitted a motion to vacate said order fixing the amount of the supersedeas bond and to require the defendant to give bond with approved surety in the sum of double the amount of deficiency judgment entered, which motion the court overruled, and the plaintiff excepted thereto. The plaintiff has procured and filed in this court a transcript of the proceedings, together with the defendant's original bill of exceptions, and had the case docketed as an appeal.

23

There is submitted for our determination the following
motion presented by the plaintiff, to-wit:

"1. To vacate the bond herein given to supersede the
confirmation of sale and deficiency judgment herein ren-
dered, for the reason that the amount of said bond is wholly
inadequate to meet the case and wholly insufficient to pro-
tect the interest thereby superseded.

"2. Subject to the foregoing, to require from the appel-
lant an approved bond in double the amount of the defi-
ciency judgment herein rendered, and one conditioned to pay
interest on the amount found due appellee—all as a condi-
tion of superseding the order of confirmation of sale and
the judgment rendered thereon.

"3. Subject to both the preceding provisions, to order
that the bond given shall not operate as a supersedeas of
the deficiency judgment herein, even if held sufficient to
supersede the order of confirmation of the sale.

"4. That if such bond is held of any value in this case
as to the amount, another bond be required to be given
conditioned to pay interest upon the amount of the sale till
the final decision of this case.

"5. To strike from the record and files in this case the
pretended bill of exceptions, for the reasons: (1) That the
same was not, within ten days after being returned by
plaintiff with his proposed amendments thereto, presented
or offered to be presented by the party seeking the settle-
ment of said proposed bill, to the judge who heard the
cause, upon five days' notice or otherwise; (2) that said
pretended bill of exceptions was not made up, or offered to
be made up of the evidence used on the motion to set aside the
appraisement made in this case, or objections to the confirma-
tion of said sale; and there is no law allowing the making
a bill of exceptions of alleged copies of evidence."

The questions presented for consideration by the first four
subdivisions of the above motion involve the construction
of section 677 of the Code of Civil Procedure, which pro-

vides for the giving of supersedeas bonds in appeals in actions in equity. This section declares : " No appeal in any case in equity, now pending and undetermined, or which shall hereafter be brought, shall operate as a supersedeas, unless the appellant, or appellants, shall, within twenty days next after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows : First—When the judgment, decree, or final order appealed from, directs the payment of money, the bond shall be in double the amount of the judgment, decree, or final order, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and pay all condemnation money and costs which may be found against him, or them, on the final determination of the cause in the supreme court. Second—When the judgment, decree, or final order directs the execution of a conveyance or other instrument the bond shall be in such sum as shall be prescribed by the district court, or judge thereof in vacation, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will abide and perform the judgment or decree rendered, or final order which shall be made by the supreme court in the cause. Third—When the judgment, decree, or order directs the sale or delivery of possession of real estate, the bond shall be in such sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate. Fourth—When the judgment, decree, or final order dissolves or modifies any order of injunction which has been, or hereafter may be granted, the supersedeas bond shall be in such reasonable sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will pay all costs which may be found against him, or them,

on the final determination of the cause in the supreme court; and such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force until the case is heard and finally determined in the supreme court. The undertaking given upon the allowance of the injunction shall be and remain in effect until it is finally decided whether or not the injunction ought to have been granted."

The contention of plaintiff is that the first subdivision of the foregoing section governs in cases like the one before us, and that the penalty in the bond must be double the amount of the deficiency judgment rendered, and the bond should be conditioned as by said subdivision provided. It requires no argument to show that where a party appeals from a judgment or decree for the payment of money, in order to supersede the same he must execute a bond to the adverse party with one or more sureties in double the amount of the judgment or decree, conditioned that he "will prosecute such appeal without delay, and pay all condemnation money and costs which may be found against him, or them, on the final determination of the cause in the supreme court." Such is the plain and obvious import of the statute. It is equally clear that the third subdivision of the section controls the amount of the penalty and the condition of a supersedeas bond in an appeal from a decree of foreclosure of mortgaged premises and from a mere order confirming the sale of real property, and in either of which cases the bond must be conditioned like the one before us, and the amount of the penalty is to be fixed, in the discretion of the court or judge. The defendant has not appealed, nor attempted to do so, from the amount of the deficiency judgment, but merely from the order confirming the sale of the mortgaged premises, which order does not direct the payment of any sum of money whatever. It is true a deficiency judgment was rendered in the case at the same time, but the defendant had a perfect right to have either

or both reviewed, at his election.     Having appealed alone
from the order of confirmation we are entirely satisfied that
the defendant was not required to give a supersedeas bond
in double the amount of the judgment rendered for the de-
ficiency remaining after the sale of the property, and fur-
ther that the bond given is conditioned as prescribed by
statute.     We entertain no doubt that this court has the
power to require the penalty of the bond to be increased,
and would raise the amount were we satisfied that the sum
fixed by the trial court was wholly insufficient to cover the
damages which the plaintiff would likely sustain if the
order appealed from should be affirmed.     The record shows
that the premises in controversy are vacant and unim-
proved, and certainly the defendant could neither "commit,
or suffer to be committed," any great amount of waste upon
the property.     This is conceded by appellee.     The amount
of the bond is small, but we cannot, in the absence of any
showing, say that it is inadequate or that there was an
abuse of discretion by the trial court in fixing the penalty.

It is claimed that the bond in question does not operate to
stay the issuance of an execution upon the deficiency judg-
ment.     The court as now constituted is strongly of the be-
lief that the doctrine contended for is sound, and, if the
question were an open one in this state, it would, doubt-
less, so hold, but the point has been set at rest, and that,
too, adversely to the contention of this plaintiff, by a de-
cision of this court pronounced in 1879, in *State Bank of
Nebraska v. Green*, 8 Neb., 297, but which counsel insists
should be overruled.     That was an action to foreclose a
real estate mortgage, in which a decree for the sum of
$10,509.24, and costs and attorney's fees, was rendered in
favor of the plaintiff.     A sale was had under the decree,
which was confirmed by the court, and a judgment for the
deficiency was rendered on December 6, 1877, against the
defendants for the sum of $9,944.73.     A supersedeas bond
was fixed by the court at $2,000 and the next day such a

bond was executed by Green with sureties, and the same was approved by the clerk of the district court. Subsequently, in March, 1878, execution for the amount of the deficiency judgment was issued and levied upon certain real estate belonging to Green, which writ was returned without a sale having been made, and orders of sale were thereafter issued, under one of which the property was sold and the sale confirmed. The confirmation was resisted on the ground that at the time the writ was issued a good and sufficient supersedeas bond was on file. Green appealed from the order of confirmation. It was contended by the appellee in that case, as in this, that the supersedeas bond did not stay the issuance of an execution upon the deficiency judgment, because the bond is not such as is required by statute. The court, after quoting section 3 of the act " to provide for appeals in actions in equity," section 677 of the Code of Civil Procedure, say: "The statute requires the appellant, in order to stay the operation of the judgment, to file a proper bond, approved by the clerk, within twenty days from the time of the rendition of the judgment, order, or decree. Upon the bond being filed and approved, the power of the court below to proceed in the case is suspended until the bond is set aside, modified, or the appellant fails to perfect his appeal within the time required by the statute. * * * The amount of the bond was evidently fixed by the court under the provisions of the third subdivision of section three, as the effect of the confirmation of the sale would be to divest the defendant of the possession of the real estate in question. This being the case, the appeal in that case was taken from the order confirming the sale. The amount of deficiency is contingent altogether upon the amount realized from the sale of the real estate. If, therefore, the order confirming the sale should be reversed, no order of execution for the deficiency could be made until a resale of the premises, as the amount could not be ascertained. This evidently was

Kountze v. Erck.

the view taken by the court below, and we think it correct. If any particular objection existed against the bond it should have been made in the first instance in the court below; but the bond, apparently, is sufficient in form and amount, and it cannot be treated as void.   *   *   *   It follows that Green, having given the necessary bond for an appeal, the power of the district court to issue execution on the judgment was for the time being suspended, and the clerk had no authority to issue the execution and orders of sale. The court therefore erred in confirming the sale." The foregoing decision was adhered to in *State Bank of Nebraska v. Green*, 10 Neb., 130, and not having been questioned until now, these adjudications have become a rule of property, which we feel bound to follow until changed by legislative enactment.   True, the section construed in 8th and 10th Nebraska has been since amended, but the only change has been the addition of the fourth subdivision of section 677 of the Code as now existing, which does not in any manner affect the question under review.

The remainder of the plaintiff's motion relating to the bill of exceptions will be sustained, but not upon the grounds assigned in the motion.   The plaintiff procured the transcript to be made and had the cause docketed in this court, and he has an undoubted right to withdraw from the files the whole or any part of his own transcript. It was proper, as well as necessary, to file here a record upon which to move this court upon the subject of the bond, and the usual transcript upon appeal, such as appellee has filed herein, naturally constitutes the best of records in such cases.   But he will not be permitted to file the defendant's bill of exceptions in this court for the purpose of moving to have the same quashed.   The defendant may never claim any rights under the bill of exceptions.   When he does, it will be time enough for the plaintiff to attack the validity of the bill.

JUDGMENT ACCORDINGLY.