PHILADELPHIA MORTGAGE & TRUST COMPANY, APPELLEE, V. JOHN L. GUSTUS ET AL., APPELLANTS.

FILED JUNE 23, 1898.  ·No. 9484.

Foreclosure of Mortgage: APPEAL: REDEMPTION. If of an order of confirmation of a sale of real estate under a decree of foreclosure of a mortgage there has been perfected an appeal to this court, also the execution and approval of the proper appeal bond, the mortgagor may redeem from the sale at any time prior to the decision or decree of this court, by which the order of confirmation may become of force and operative. RYAN, C., dissents.

APPEAL by defendants from confirmation of a judicial sale of mortgaged realty. Heard below before HASTINGS, J., in the district court of Fillmore county. Submitted to supreme court on motion of appellant John L. Gustus for leave to redeem the premises from the foreclosure sale. *Motion sustained.*

*John Barsby* and *Charles H. Sloan,* for the motion.

References in support of the motion for leave to redeem the property from the mortgage-foreclosure sale: 1 Am. & Eng. Ency. of Law, 425; *Teaff v. Hewitt,* 1 O. St. 511; *Union P. R. Co. v. Ogilvy,* 18 Neb. 638; *Long v. Hitchcock,* 3 O. 274; *Wilcox v. Saunders,* 4 Neb. 569; *Parrat v. Neligh,* 7 Neb. 459; *Warren v. Raben,* 33 Neb. 380, 46 Neb. 115; *Fuller v. Ryan,* 34 Neb. 183; *Porter v. Sherman County Banking Co.,* 40 Neb. 275; *State Bank v. Green,* 10 Neb. 130.

*Conley & Fulton, contra:*

Appellant's right to redeem ceased at the time the sale was confirmed. (*Ewing v. Cook,* 85 Tenn. 332; *Cameron v. Adams,* 31 Mich. 426; *Lombard v. Gregory,* 57 N. W. Rep. [Ia.] 621; *Wilson v. Schneider,* 17 N. E. Rep. [Ill.] 8; *Eiceman v. Finch,* 79 Ind. 511; *Cummings v. Pottinger,* 83 Ind. 294; *Teabout v. Jaffray,* 74 Ia. 29; *Waller v. Harris,* 20 Wend. [N. Y.] 555; *Hill v. Walker,* 98 Am. Dec. [Tenn.] 465; *Casey v. Gregory,* 56 Am. Dec. [Ky.] 581; *Smith v.*

*Randall*, 65 Am. Dec. [Cal.] 475; *Campau v. Godfrey*, 100 Am. Dec. [Mich.] 133; *Suitterlin v. Connecticut Mutual Life Ins. Co.*, 90 Ill. 483; *Dobbins v. Lusch*, 53 Ia. 304; *Gates v. Ege*, 59 N. W. Rep. [Minn.] 495; *Hoover v. Johnson*, 50 N. W. Rep. [Minn.] 475; *McConkey v. Lamb*, 33 N. W. Rep. [Ia.] 146.)

An appeal does not vacate the judgment below. (*State v. Doane*, 35 Neb. 707; *Nill v. Comparet*, 16 Ind. 107; *Briggs v. Shea*, 50 N. W. Rep. [Minn.] 1037; *Low v. Adams*, 6 Cal. 277; *Bank of North America v. Wheeler*, 73 Am. Dec. [Conn.] 683; *Planters Bank v. Calvit*, 41 Am. Dec. [Miss.] 616; *Scheible v. Slagle*, 89 Ind. 323; *Padgett v. State*, 93 Ind. 396; *State v. Young*, 46 N. W. Rep. [Minn.] 204; *Sage v. Harpending*, 49 Barb. [N. Y.] 166; *Allen v. Mayor*, 9 Ga. 286; *Thompson v. Giffen*, 6 S. W. Rep. [Tex.] 410; *Bullion Beck & Champion Mining Co. v. Eureka Hill Mining Co.*, 13 Pac. Rep. [Utah] 174; *Curtiss v. Beardsley*, 15 Conn. 523; *Sloan's Appeal*, 1 Root [Conn.] 151; 2 Ency. Pl. & Pr. 324, 325.)

HARRISON, C. J.

In an action in the district court of Fillmore county to foreclose a mortgage against the real property or farm of John L. and Anna L. Gustus, in the due course of procedure, a decree for the relief demanded by the plaintiff, also some cross-petitioners, was granted and a sale of the land for the satisfaction thereof was had, and on motion an order of confirmation of the sale was entered in the district court. Objections to the confirmation were presented for the mortgagors, which on hearing were overruled, and from the order of confirmation an appeal has been perfected to this court for the mortgagors, inclusive of the proper appeal bond or undertaking.

During the pendency of the cause in this court John L. Gustus, of appellants, has applied to be allowed to redeem the premises from the sale. This application is opposed by the party who purchased. The provisions of our law relative to redemption of land from levy and

sale, or sale under order of sale or decree of foreclosure
of a mortgage, are contained in section 497a of the Code
of Civil Procedure, the terms of which are as follows:
"The owners of any real estate against which a decree of
foreclosure has been rendered in any court of record,
or any real estate levied upon to satisfy any judgment
or decree of any kind, may redeem the same from the
lien of such decree or levy at any time before the sale
of the same shall be confirmed by a court of competent
jurisdiction by paying into court the amount of such de-
cree or judgment, together with all interests and costs;
and in case the said real estate has been sold to any per-
son not a party plaintiff to the suit, the person so re-
deeming the same shall pay to said purchaser twelve per
cent interest on the amount of the purchase price from
the date of sale to the date of redemption, or deposit
the same with the clerk of the court where the decree or
judgment was rendered." It will be noticed that the
statute fixes the expiration of the time for redemption
at the date of the confirmation of the sale, and for the
purchaser herein it is contended that the time of the
order made by the district court must govern, and the
applicant could not after such time, and cannot now, re-
deem. For the applicant it is urged that he may redeem
at any time during his appeal. The settlement of the
question of dispute rests, or depends, on a construction
of a portion of the section of the Code we have quoted,
in connection with the effect to be given the appeal from
the order of the district court: The appeal and bond, if
they did not vacate the order of the district court, super-
seded, suspended, or rendered it inoperative. The pur-
chaser acquired no rights and the applicant was not di-
vested of his title to, and rights in, the land. (*Tootle v.
White,* 4 Neb. 401; *State Bank of Nebraska v. Green,* 8 Neb.
297; *State Bank v. Green,* 10 Neb. 133.) All things re-
mained as before the sale and subsequent order of the
district court, and will so remain and exist until a de-
cision in and by this court of the matter appealed. The

order of the district court by the perfection of the appeal became ineffectual as to all other purposes for which it was made, and it certainly does not seem unfair to say that it was not of force or effect as against the right to redeem; nor does it appear unwarranted to construe the section of the Code in its reference to time to have indicated the date when the order shall become forceful and of full operation, which it cannot until this court has so decreed.

There were other arguments advanced, but we do not deem them of sufficient weight to lead to a conclusion other and different than the one we have just announced. It follows that the motion of the applicant will be sustained.

MOTION SUSTAINED.