JENKINS LAND AND LIVE STOCK COMPANY, APPELLEE, v.
GARWOOD H. ATTWOOD, APPELLANT.

FILED FEBRUARY 20, 1908. No. 15,071.

1. **Mortgage Foreclosure: REQUEST FOR STAY.** Where a request in wri-
   ting for stay of order of sale is on file with the clerk of the court
   within 20 days of the rendition of a decree foreclosing a mort-
   gage, the court is without power to sell the mortgaged premises
   within nine months of the entry of the decree.

2. ———: ———. A request filed as aforesaid before the entry of
   the decree is effective to act as a stay equally as though it had
   been filed within 20 days thereafter, and constitutes a continu-
   ing request for such stay.

3. ———: ———. The owner of the equity of redemption, notwith-
   standing he has sold and conveyed his interest in the mort-
   gaged premises subsequently to his appearance as defendant in
   the action, may continue to act for the benefit of his grantee,
   and file a request for a stay.

4. Confirmation will not validate a void sale.

5. Evidence examined, and *held* not to sustain the appellant's defense
   of title by adverse possession.

APPEAL from the district court for Dundy county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Charles W. Meeker, David G. Hines, Mockett & Mattley* and *J. C. McNerney,* for appellant.

*W. S. Morlan* and *Charles T. Jenkins, contra.*

ROOT, C.

This was an action to cancel a sheriff's deed, whereby appellant claims title to 474 acres of land in Dundy county. The facts, as we glean them from the evidence, and the admissions in the pleadings, are: That one Warner in 1889, being the owner of the fee of said lands, executed a mortgage thereon to secure the payment of his promissory note. Soon thereafter Warner sold and conveyed his equity to the Nebraska Real Estate and Live Stock Association. Appellant became the owner of the note and mortgage, and on the 30th day of September, 1892, commenced his action to foreclose the mortgage, making Warner and wife, Warner's grantee, and other persons, defendants. December 20, 1892, The Nebraska Real Estate and Live Stock Association and Alonzo L. Clark, trustee, filed their joint answer in said action, admitting all the facts alleged in the petition, and stating that the defendant corporation was the owner of the equity of redemption of all of said real estate, "and request that whatever decree may be rendered here it may be stayed for a period of nine months from the rendition of said decree." March 14, 1893, said corporation filed a simple request for a stay of execution and order of sale in said case. April 19, 1894, a decree of foreclosure was rendered. March 31, 1893, the Nebraska Real Estate and Live Stock Association sold its interest in said real estate to Alma E. Jewett. May 28, 1894, the clerk of the court issued an order of sale on said decree, and July 9, 1894, appellant purchased the real estate at sheriff's sale for the amount of his mortgage plus accrued interest.

July 14, 1894, the sheriff made return to his order of sale.
March 19, 1896, an entry was made on the journal of the
district court in said case that "this case came on on the
motion of plaintiff to dismiss said action. On due con-
sideration whereof the court doth sustain said motion,
and it is ordered that said action be, and hereby is, dis-
missed at plaintiff's costs." The journal entry does not
recite the appearance of any party to the suit, nor that of
any attorneys for plaintiff or defendants. The court's
trial calendar discloses the name of an attorney for ap-
pellant, but it is not claimed he requested the entry of
the dismissal. March 27, 1900, appellant by his attorney
moved the court "to reinstate the above entitled cause
of action and place the same on the trial docket, for the
reason that it was dismissed by mistake, after decree and
sale had been obtained." That same day, without notice
to, or the presence of, any party adversely interested, the
court found that the action had been dismissed upon the
motion of certain attorneys claiming to represent appel-
lant; that said attorneys were without authority in the
premises, and that said case was wrongfully dismissed;
and "it is therefore considered by the court that said case
be reinstated and redocketed." Immediately thereafter
the court affirmed the sale and ordered the then sheriff
to execute a deed to appellant, which was done. The
sheriff's deed was recorded April 9, 1900. January 28,
1905, appellee purchased from Mrs. Jewett the real es-
tate. Appellant claims title by virtue of his sheriff's
deed, and also by adverse possession. The district court
canceled the sheriff's deed, the order of sale, and confirma-
tion of said sale, and held that the decree of foreclosure
was valid and unsatisfied. If the court had power through
the sheriff to make the sale, or if appellant has secured
title by adverse possession to the land in question, he
should prevail.

Had the court power to sell the land within nine months
of the decree, a request for the stay being on file within
20 days of the entry of the decree? It is our opinion that

it did not.    Section 477b of the code provides:    "The order of sale on all decrees for the sale of mortgaged premises shall be stayed for the period of nine months from and after the rendition of said decree, whenever the defendant shall within twenty days after the rendition of the decree, file with the clerk of the court a written request for the same: Provided, that if the defendant make no such request within said twenty days, the order of sale may issue immediately after the expiration thereof."    We are aware that some courts, notably Illinois, consider the sale of property on execution issued on a judgment that has been stayed a mere irregularity, to be cured by confirmation; but the trend of judicial thought in Nebraska has been to uphold and make effective the evident legislative will to furnish the debtor absolute immunity from the sale of his property when he has complied with the statutes relating to a stay of execution or order of sale. Says Chief Justice MAXWELL, in *State Bank v. Green*, 8 Neb. 297: "Upon the bond being filed and approved, the power of the court below to proceed in the case is suspended until the bond is set aside, modified, or the appellant fails to perfect his appeal within the time required by the statute."    Construing the cited decision, Mr. Justice LAKE, in *State Bank v. Green*, 10 Neb. 130, says: "The effect of that decision was to declare invalid the execution and all that was done under it."    We recognized the principle and adhered thereto in *Kountze v. Erck*, 45 Neb. 288, and it may now be said to be a long and well-established rule in Nebraska that, pending the stay of a judgment, the power of the court to execute that judgment is suspended. It is true that the stay in the cases cited followed the giving and approval of supersedeas bonds, and in the instant case a technical supersedeas in the sense that the judgment was vacated did not occur, but a stay of the judgment came about as a consequence of the request.    We consider that the principle applies in either case.    *August v. Gilmer*, 53 W. Va. 65; *O'Donnell v. Mullin*, 27 Pa. St. 199, 67 Am. Dec. 458;

*Hopkins v. Sears*, 14 Vt. 494, 39 Am. Dec. 236. To hold otherwise would permit the mortgagee to induce the sheriff to sell the land included in a foreclosure decree and secure a confirmation and deed without the knowledge of the holder of the equity of redemption. The sheriff is not required to levy upon the land, nor the appraisers to make entry thereon, so that a sale and confirmation might easily be brought about while the mortgagor was depending on his request for a stay.

2. The court being without power to sell the land at the time it was sold, it is immaterial whether the sale was confirmed or not, or whether or not the plaintiff actually dismissed his case, or whether the order vacating that dismissal and reinstating the case was properly made. The trial court held the decree of foreclosure was still effective. No appeal was taken from that part of the decree, and the legality and effect thereof cannot be questioned by appellee or any one holding under it. The confirmation could not cure a void sale. "The sale being void, there was no subject-matter upon which the order of confirmation could act. If the court had no jurisdiction to order the sale, it had none to confirm it. Where there is no power to render a judgment, or to make an order, there can be none to confirm or execute it." *Minnesota Co. v. St. Paul Co.*, 2 Wall. (U. S.) 609; *Townsend v. Tallant*, 33 Cal. 45, 91 Am. Dec. 617.

3. Appellant argues that the request for a stay was not filed after, but before, the entry of the decree; that one to receive the benefits of the statute must adhere strictly thereto, and that filing a request before is not equivalent to filing one after the entry of the decree, and cites *State v. Laflin*, 40 Neb. 441, and *Hoyt v. Little*, 55 Neb. 71. The effect of these decisions is that, as the statute plainly limits 20 days subsequent to the decree as the time within which the stay may be filed, a stay filed thereafter is inoperative, and that it is not within the power of the courts to enlarge that time. In the instant case the request was filed, not only before the twentieth day from the rendition

of the decree, but before the decree was rendered, and in our opinion the request was a continuing solicitation effective the day the decree of foreclosure was rendered.

4. Appellant says that, as the Nebraska Real Estate and Live Stock Association subsequently to the time it filed request for a stay, and before the entry of the decree, sold and conveyed its interest in the property, the stay was not filed by a defendant so situated as to be entitled to ask therefor. The trial court evidently was not advised that there had been any transfer of title from the defendant corporation to Mrs. Jewett, and the suit continued, as it properly could, against the defendants who represented in that suit, not only themselves, but the interests of their grantees. Code, sec. 45. Under the facts, we are satisfied the stay was effective to protect the rights of Mrs. Jewett.

5. It is claimed appellant has acquired title by ten years' adverse possession. We have read the record over carefully, and are satisfied the evidence does not sustain this contention. Part of the land has been used for meadow, a part thereof for pasture, and a small tract has been cultivated on occasions, but not during ten succeeding years. In August, 1893, appellant leased the land to Norman J. Allen, who also leased it for the years 1894, 1895 and 1896. Fences were constructed on the land, but it does not seem to have been inclosed. During part of the time it was included in a larger tract, and cattle, not controlled by appellant or his tenant, grazed upon the pasture land. The witness Larned leased the land to various parties for appellant in 1897, and he says continuously since. He says the land was inclosed, but on cross-examination he was not certain as to the location of the fences, and finally admitted the land formed part of a larger and inclosed tract. Larned leased the land in August, 1905, from appellee. He says the leasing was the result of compromise, but the instrument evidencing his arrangement is a plain lease. Appellant resides in Connecticut, and has never been upon the land. The testimony does not establish that connected, continuous and adverse possession

for ten years essential to vest appellant with title to the land; *Hoffine v. Ewings,* 60 Neb. 729.

We are satisfied that the judgment of the lower court was right and should be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the lower court is

AFFIRMED.