OWEN C. CARROLL, APPELLEE, V. GOTTLIEB POLFUS, APPEL-LANT.

FILED SEPTEMBER 20, 1915.   No. 18239.

1. **Appeal: SUPERSEDEAS BOND: EFFECT.** The decree in this an action for specific performance required the plaintiff to reduce the amount of certain incumbrances upon his property within 20 days, whereupon specific performance was ordered. A supersedeas bond and notice of appeal were filed by the defendant within that time. After the expiration of 20 days defendant moved for a judgment of dismissal on account of plaintiff's failure to comply with the order reducing the incumbrances. *Held*, that, upon the supersedeas bond being filed and approved, the power of the district court to proceed was suspended, and the court properly overruled the motion.

2. **Contracts: SUIT TO SET ASIDE: INTOXICATION.** A contract will not be set aside on the ground that one of the parties was intoxicated at the time it was entered into, if at the time he fully understood the surrounding circumstances and knew the character and consequences of his act.

98Neb.42

APPEAL from the district court for Harlan county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*John Everson* and *J. G. Thompson*, for appellant.

*O. E. Shelburn, contra.*

LETTON, J.

Action for specific performance of a contract for the exchange of real estate. The defense is that at the time the contract was entered into the defendant was in such a state of intoxication that he was incapacitated from entering into a contract or exercising judgment, and that the value of the property taken in exchange for that of defendant was and is grossly inadequate in value. At the request of defendant a jury was impaneled to make special findings of fact, which are as follows:

"If you find that the defendant did sign the contract, at the time it was signed was he so intoxicated that he was deprived of his reason and understanding to such an extent as to render him incapable of comprehending the character and consequences of his act? A. No.

"What was the fair market cash value of the property which the plaintiff, Owen C. Carroll, was to exchange for the property of defendant, at the date of the contract? A. Seventeen hundred dollars ($1,700).

"What was the cash market value of the property which the defendant Polfus then owned, and which the plaintiff claims he was to have for his property? A. Two thousand dollars ($2,000)."

The court also made like special findings. A decree was entered "that the plaintiff have a specific performance of his contract, upon reducing the incumbrance of his real estate (describing it) to $600 and no more, and upon reducing the incumbrance upon his meat market fixtures to $400 and no more; all of which is to be done within 20 days from this date." It is further adjudged that the defendant execute a deed to the property owned by him within 20 days, or that the decree operate as a conveyance. A motion for a new trial was filed and overruled. A su-

persedeas bond was filed and approved on March 7, 1913. The transcript and præcipe were filed in this court on August 26, 1913. On May 9, 1913, at the same term of court, a motion to dismiss the suit was filed by the defendant, for the reason that the plaintiff had not complied with the order reducing the incumbrance within 20 days from the date of the decree. . The term adjourned on May 10 with this motion pending. On May 12 the defendant filed a motion for judgment upon the pleadings and the decree. Plaintiff made a special appearance to these motions, objecting to the jurisdiction of the court, for the reason that the defendant had superseded the judgment. The special appearance was overruled, and the motions of defendant for judgment and to dismiss the action were also overruled.

The first point urged is that the order that the plaintiff have specific performance when he reduced the incumbrance upon the property was a final order, and that, since the incumbrance upon the property had not been reduced as directed, the decree should have been set aside and judgment rendered for the defendant upon the pleadings. This motion was properly overruled. The decree had previously been superseded. In *State Bank v. Green*, 8 Neb. 297, 305, it is said: "Upon the bond being filed and approved, the power of the court below to proceed in the case is suspended until the bond is set aside, modified, or the appellant fails to perfect his appeal within the time required by the statute." *Kountze v. Erck*, 45 Neb. 288; *Jenkins Land & Live Stock Co. v. Attwood*, 80 Neb. 806. There was no necessity that the incumbrance should be reduced until it was known that the litigation was ended and the contract was to be carried out. It will be the duty of plaintiff, within 20 days from the time of the filing of the mandate in the district court, to comply with the order, and if he fails so to do proper action can be taken in that court at the instance of defendant.

An examination of the evidence has convinced us that the findings of the court and jury with respect to the competency and ability of defendant to enter into a contract

at the time it was made were fully sustained thereby. The defendant had been habitually addicted to the use of intoxicants for a long time prior to the date of the transaction, but it is clear that he was capable of transacting business even when his breath was loaded with the fumes of alcohol. The explanation given by him to a number of apparently credible witnesses next day, that the reason he refused to complete the trade was because his son, whom he had expected to take charge of the meat market, had refused to do so, and he could not afford to hire two men to run it, seems to give the real reason for his failure to complete the contract.

It is next contended that there is such a disparity between the values of the property that it would be inequitable to enforce the contract. The evidence shows Polfus is quite experienced in the transfer and exchange of property. He voluntarily entered into the bargain after having considered it for some time, taken the advice of others, and made a personal examination of the property. No fraud was practiced. The difference in value is not so great but that he might have believed that he was getting the better of the transaction at the time he made the exchange. We think there is no room for the application of the rule that specific performance will not be enforced where fraud has been perpetrated, or where it will be unjust and inequitable to compel the performance of the contract.

The judgment of the district court is therefore

AFFIRMED.

HAMER, J., not sitting.