## In re WORLEY.

### No. 261.

District Court, D. Nebraska,
Chadron Division.

July 8, 1943.

Herman Ginsburg, of Lincoln, Neb., for debtor.

C. Petrus Peterson, Robert W. Devoe, and Jack Devoe, all of Lincoln, Neb., for Lura Schuler Smith, secured creditor.

DELEHANT, District Judge.

The issue here considered was expressly reserved for future determination in an order made in this proceeding on January 22, 1943, and filed January 23, 1943, filing 197. (See second paragraph of section I thereof. See also page 12 of unpublished memorandum filed with the order, filing 195.) It involves the question whether in this case the court has jurisdiction over the northeast quarter (N.E.¼) of section twenty-two (22) and the west half (W.½) of section twenty-three (23), all in township twenty seven (27) north, range forty-eight (48) west of the Sixth Principal Meridian in Box Butte County, Nebraska, which constitutes only a small portion in acreage of the debtor's lands, and for convenience will be referred to as "the farm". It arises (a) upon a petition filed on February 26, 1938, quite early in the history of this case, by the secured creditor in which she prayed for the dismissal of this proceeding so far as the farm is concerned; and (b) upon the oral renewal of the request on August 5, 1938 before the local conciliation commissioner, who then allowed the secured creditor's prayer, "subject, however, to a ruling thereon by a judge of this court."

The unquestioned facts may be stated briefly. Almost exactly twenty years ago o ie Anna W. Fanning owned the farm and, with a mortgage on it as security, borrowed $9,000 from a trust company, which sold the loan to the secured creditor. In 1927 Anna W. Fanning died intestate, leaving her mother, Celestia S. Worley, as her sole heir. On July 20, 1927, Celestia S. Worley, after an extension of the time for payment of the mortgage debt had been procured, executed and delivered a quitclaim

deed of the farm to the debtor who was her daughter. So, the debtor acquired her interest in the equity of redemption in the farm by quitclaim deed long after the negotiation of the secured creditor's loan upon it. The debtor paid no interest on the mortgage debt accruing after January 5, 1931, and defaulted in the payment of taxes on the farm beginning with those for the year 1930. So, in December, 1931, the trust company brought an action for the foreclosure of the mortgage in the District Court of Box Butte County, Nebraska, in which the secured creditor joined later as a plaintiff. Decree of foreclosure was entered on January 20, 1933, and its operation was stayed for the period of nine months as provided by the statutes of Nebraska. Section 20-1506, C.S.Neb.1929. Thereafter, for several years, sale was further stayed by recourse to the procedure then provided in Nebraska under moratory legislation. Finally, an order of sale was issued, and after due notice the farm was sold at sheriff's sale on July 19, 1937, to the secured creditor for $10,500. On September 4, 1937, that sale was confirmed over the debtor's objection and the amount of supersedeas bond was fixed at one thousand dollars. Supersedeas bond was filed and approved on September 17, 1937, within the time allowed therefor by the state statute. No appeal from confirmation was ever lodged in the Supreme Court of Nebraska; but on November 5, 1937, and during the period of three months then allowed by Section 20-1912, C.S.Neb.1929, for the filing in the Supreme Court of the transcript on appeal, this action was filed. No sheriff's deed of the farm has ever been made.

Relying upon that history, the secured creditor seeks relief with the assertion that the debtor, upon the institution of this proceeding, had no interest in the farm which could sustain this court's jurisdiction over it.

■ Two preliminary observations should be made. The first of these is that the informal order of the local conciliation commissioner for the allowance of the secured creditor's motion is not controlling. It is unnecessary to consider whether he had authority to rule with finality upon the issue. He did not assume to do so, for his order was expressly made "subject * * * to a ruling thereon by a judge of this court." That ruling is now being made. Secondly,

no participation by the secured creditor in this proceeding has barred or estopped her from asserting a right to the relief she seeks, if the right were held otherwise to exist. For since the local conciliation commissioner's ruling last noted, she has not taken any part in the proceeding, much less derived any advantage from it. In all the nearly six years of its pendency nothing has been paid in application upon the debt to her, a fact which the debtor acknowledges.

■ The issue, therefore, remains to be determined upon its merits, notwithstanding the lapse of time. And the court considers that it must be resolved by determining whether on November 5, 1937, the debtor had under the laws of Nebraska any right or interest in the property which is within the protection of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

The court has concluded that in the light of the Nebraska statutes and the decisions of the state's supreme court, that question must be answered affirmatively. On the date in question the debtor appears clearly to have had (a) the right to make redemption of the farm from the sheriff's sale; and (b) the legal title to the farm with the right to its possession and to the rents arising from it, which title and right were then calculated presumptively to persist until the execution and delivery to the purchaser at sheriff's sale of the sheriff's deed in foreclosure.

The redemption right is governed by Section 20-1530, C.S.Neb.1929. Eliminating provisions touching the mechanics of redemption, it grants to "the owners of any real estate against which a decree of foreclosure has been rendered in any court of record" the right to make redemption, "at any time before the sale of the same shall be confirmed by a court of competent jurisdiction." Upon the statute's bare terms, it might be—and is—argued that the debtor's right to redeem ended with the confirmation of sheriff's sale by the District Court of Box Butte County, Nebraska, and that, the appeal foreshadowed by the supersedeas bond having proved abortive, then, at least on the lapse of three months following confirmation, the status of the foreclosure action related to the date of the unappealed confirmation.

But this court's inquiry must be directed to the debtor's rights in, and relation to, the farm on the day when she instituted this action. And upon those elements cer-

tain decisions of the Supreme Court of Nebraska are instructive. They have to do with the effect of supersedeas, the persistence of the right to redeem, and the status of title to and the right of possession of, foreclosed Nebraska real estate prior to the execution of sheriff's deed.

In a leading case it was held in 1879 that "where a proper supersedeas bond is filed and approved", after an order of confirmation of sheriff's sale in foreclosure in which a judgment for deficiency is awarded, "no execution can issue on the judgment until the bond is set aside, modified, or the appellant fails to perfect his appeal." The suspension for every purpose of the decree of confirmation was asserted. State Bank of Nebraska v. Green, 8 Neb. 297, 305, 1 N.W. 210. See further phase of that case in State Bank of Nebraska v. Green, 10 Neb. 130, 4 N.W. 942; also Kountze v. Erck, 45 Neb. 288, 63 N.W. 804; Armstrong v. Mayer, 69 Neb. 187, 202, 95 N.W. 51; Jenkins Land & Live Stock Co. v. Atwood, 80 Neb. 806, 115 N.W. 305; Carroll v. Polfus, 98 Neb. 657, 154 N.W. 213; Walter v. Gillan, 129 Neb. 514, 516, 262 N.W. 33. Therefore, the filing and approval of the debtor's supersedeas bond in the foreclosure action in the state court effectively intercepted the execution of a sheriff's deed to the purchasing secured creditor until the lapse of the statutory period for the lodging of the appeal in the Supreme Court of the state. And it was during that interval that the jurisdiction of this court was invoked.

The Nebraska Supreme Court has also dealt liberally with the right of redemption pending appeals and seems clearly to have affirmed the persistence of that right—as a right and not a matter of judicial grace—until the termination of the appeal adverse to the owner of the equity and the resultant finality of confirmation. Thus, in Philadelphia Mortgage & Trust Co. v. Gustus, 55 Neb. 435, 75 N.W. 1107, 1108, the Nebraska Supreme Court said: "It will be noticed that the statute fixes the expiration of the time for redemption at the date of the confirmation of the sale, and for the purchaser herein it is contended that the time of the order made by the district court must govern, and the applicant could not, after such time, and cannot now, redeem. For the applicant it is urged that he may redeem at any time during his appeal. The settlement of the question of dispute rests

or depends on a construction of a portion of the section of the Code we have quoted in connection with the effect to be given the appeal from the order of the district court. The appeal and bond, if they did not vacate the order of the district court, superseded, suspended, or rendered it inoperative. The purchaser acquired no rights, and the applicant was not divested of his title to and rights in the land. Tootle v. White, 4 Neb. 401; State Bank [of Nebraska] v. Green, 8 Neb. 297 [1 N.W. 210]; State Bank v. Green, 10 Neb. [130], 133, 4 N.W. 942. All things remained as before the sale and subsequent order of the district court, and will so remain and exist until a decision in and by this court of the matter appealed. The order of the district court by the perfection of the appeal became ineffectual as to all other purposes for which it was made; and it certainly does not seem unfair to say that it was not of force or effect as against the right to redeem; nor does it appear unwarranted to construe the section of the Code in its reference to time to have indicated the date when the order shall become forceful and of full operation, which it cannot until this court has so decreed." See, also, Thesing v. Westergren, 75 Neb. 387, 390, 106 N.W. 438, and Lincoln Savings & Loan Association v. Anderson, 115 Neb. 199, 212 N.W. 210, 212, in the latter of which the right to redeem even after affirmance in the supreme court of confirmation is asserted in the following language: "The affirmance by us of the judgment of the trial court was not effective to deprive the moving parties herein of their right to redeem, and this court did not lose jurisdiction by reason thereof, and did not and would not at least until the mandate was issued thereon."

The court is not now neglecting the circumstance that the contemplated appeal was never perfected but regards it as ineffective to oust the debtor of her redemption rights resting on the superseding of the confirmation pending the lapse of time for appeal. The secured creditor at least inferentially grants that if the appeal had been perfected redemption might have been made during its pendency. Very well, a redemption in that contingency would necessarily rest upon the premise that the right to it had existed at all time previous to its exercise in the supreme court. It can not logically be supposed that during the period from the district court's confirmatory order until the appeal actually reached the su-

preme court and vested it with jurisdiction, the right to redemption was either suspended or dormant. It remained alive and active; existed implicitly during the statutory period for the giving of supersedeas bond; and after the bond was given and until the time for perfecting the appeal (in this instance, until the filing of this case) rested on the bond.

The secured creditor inquires, arguendo, where in the interval between the approval of the bond and the lodging of the appeal redemption is to be made; and answers, not in the supreme court for its jurisdiction has not attached, nor in the district court, for its authority has been ousted. The question need not be answered. It is sufficient if the right endures and we need not be concerned about the forum in which it is to be asserted. But to the writer of this opinion it seems obvious that in the inceptive period of an ultimately unperfected appeal, redemption is to be made, notwithstanding supersedeas, in the trial court. Supersedeas ought to be no more effective to intercept redemption there than it is to prevent the abandonment of a proposed appeal and satisfaction of judgment in the trial court.

The jurisdiction of this court having attached during the existence of the redemption right, the lodging thereafter of the appeal could have served no purpose in practical reality. In fact, without any expression of opinion upon the point, doubt may be entertained respecting the debtor's right to proceed with her proposed appeal, save with the permission and under the direction of this court.

Nor is the Nebraska court less positive in its determination that until the actual execution of sheriff's deed in foreclosure, the title to the foreclosed land remains in the mortgagor or his grantee. See quoted language (supra) from Philadelphia Mortgage & Trust Co. v. Gustus, 55 Neb. 435, 75 N.W. 1107. "Under our law governing sales of real property on execution, the title of a purchaser thereat depends upon a final confirmation of the sale made; and until this is had, and a conveyance of the real estate is executed and delivered in pursuance of such confirmation, the legal title of the execution debtor to the real estate is not divested. * * * The owner * * * retains the legal title thereto, and is entitled to the possession, rents, profits, and usufruct of such real estate until a final confirmation of the sale

[is] made. * * * This doctrine of relation applies only to the title. It has no necessary reference to the quantum of the estate which the execution debtor owned at the time the judgment became a lien." Westerfield v. South Omaha Loan & Building Association, 75 Neb. 53, 56, 105 N.W. 1087, 1088, 107 N.W. 1010, citing and quoting from Yeazel v. White, 40 Neb. 432, 58 N.W. 1020, 24 L.R.A. 449, and Hatch v. Shold, 62 Neb. 764, 87 N.W. 908. "The legal title to the mortgaged premises remains in the mortgagor until the sale is finally confirmed and the deed delivered." Westerfield v. South Omaha Loan & Building Association, supra.

United States National Bank v. Pamp, 8 Cir., 83 F.2d 493, 497, cited by the debtor has been carefully considered. It is instructive in that it recognizes the debtor's rights arising under the Nebraska decisions which have already been cited and discussed. But to the court, it appears not to be absolutely decisive of the present issue, for in the foreclosure case considered by the circuit court in the Pamp case, "the sale * * * [had] not been confirmed."

The rights thus mentioned being affirmed as vested in the debtor on the date of the institution of this proceeding, it remains only to observe that they are expressly placed within the operation of proceedings under Section 75 of the Bankruptcy Act. "The filing of a petition * * * with the clerk of court *. * * praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including, among others, * * * the right or the equity of redemption where the period of redemption has not or had not expired, * * * or where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition." See section 75, sub. n, in all of its terms.

The court considers that State Bank of Hardinsburg v. Brown, 317 U.S. 135, 63 S. Ct. 128, 132, 87 L.Ed. ——, cited and relied upon by the secured creditor, is clearly distinguishable from the instant case upon the disparity between the law of Indiana and that of Nebraska touching the effect of a sale in foreclosure. In the cited case relief was denied the debtor because, by the applicable law of Indiana, a sale in fore-

closure cuts off all of the debtor's equity of redemption, "and terminates his right and interest in the property at the sale. The delivery of a deed by the sheriff, therefore, becomes a ministerial act which he can be compelled to perform. Such delivery constitutes mere record evidence of the purchaser's title which is perfect from the data of sale." Upon that legal premise the protection of section 75 sub. n, of the Bankruptcy Act was rightly denied to an Indiana debtor in foreclosure where the petition for relief was filed after sale but before delivery of the deed. The premise clearly does not exist here in the light of Nebraska's law. See Wragg v. Federal Land Bank of New Orleans, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. ——; Wright v. Logan, 315 U.S. 139, 142, 62 S.Ct. 508, 86 L.Ed. 745.

The court does not undertake to justify as equitable the ruling now announced. Every consideration of fairness and justice drawn to its attention argues against the result that has been reached. One such consideration, among many others is the avowed purpose of the debtor to seek the right to redeem the farm at an appraised value grossly inadequate to satisfy the secured creditor's mortgage debt against it. But those factors have been rejected in favor of the letter of the act in the administration of the particular law now being applied. John Hancock Mut. Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 721, 84 L.Ed. 1000; Wright v. Union Central Life Insurance Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184; Wright v. Logan, 315 U.S. 139, 62 S. Ct. 508, 86 L.Ed. 745; Rafert v. Conway, 8 Cir., 119 F.2d 102; Hepker v. Equitable Life Assurance Society of United States, 8 Cir., 131 F.2d 926; In re Mahaffey, 2 Cir., 129 F.2d 292. The burden of the manifest inequity that is here accomplished must rest on the legislative, rather than on the judicial, conscience.

The secured creditor's petition for the dismissal of the proceeding so far as it purports, assumes or attempts to affect the real estate above described is being denied and disallowed, and the conciliation commissioner's recommendation for its allowance is being rejected and overruled, with due allowance of exception to the secured creditor. An appropriate order to that end has been prepared and signed and is being filed herewith.