DELBERT W. KORTE, APPELLANT, v. GEORGE BETZER, APPELLEE.

236 N. W. 2d 181

Filed December 11, 1975. No. 40130.

Nelson, Harding, Marchetti, Leonard & Tate, Kenneth Cobb, and Scott E. Daniel, for appellant.

J. Arthur Curtiss of Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal from the judgment entered upon the mandate of this court in a prior appeal.

The action was commenced in November 1971, to recover damages resulting from a 1969 automobile accident. The suit was dismissed for want of prosecution on January 28, 1974. On March 27, 1974, the order of January 28, 1974, was vacated upon condition the plaintiff pay $684.40 in fees, costs, and expenses within 30 days. The order further provided that in the event the money was not paid within the time provided, "plaintiff's cause stands dismissed for want of prosecution." Costs were taxed to the plaintiff.

On April 15, 1974, the plaintiff filed a notice of appeal and a supersedeas bond. The order of the District Court was affirmed by this court in Korte v. Betzer, 193 Neb. 15, 225 N. W. 2d 30. Judgment on the mandate dismissing the action was entered in the District Court on March 11, 1975. The plaintiff has appealed from that judgment.

Plaintiff contends the trial court erred in failing to grant him a trial on the merits after the mandate of this court had been filed in the trial court. The plaintiff's theory is that the supersedeas bond suspended the running of the 30-day period specified in the order of March 27, 1974, and that payment of the $684.40 to the clerk of the District Court on January 20, 1975, was a compliance with the order of March 27, 1974.

The difficulty with plaintiff's theory is that the order of March 27, 1974, was interlocutory in nature unless

the plaintiff failed to pay the $684.40 within 30 days. Plaintiff's theory would enable a litigant to review any interlocutory order by filing a notice of appeal and supersedeas bond before the time to comply with the order had expired. Such a form of piecemeal review will not be tolerated.

When plaintiff elected to challenge the order of March 27, 1974, by appeal, he abandoned any right to thereafter comply with the order. The order then became effective as a dismissal of the action, a final order from which an appeal could be taken.

The effect of the supersedeas was to stay enforcement of the defendant's judgment for costs until the appeal had been determined. After the order of March 27, 1974, had been affirmed by this court the litigation was at an end. The judgment on the mandate merely recorded the action of this court.

Carroll v. Polfus, 98 Neb. 657, 154 N. W. 213, cited by the plaintiff, has no application to this case. There a decree for specific performance required the appellee to reduce certain encumbrances within 20 days as a condition to specific performance. After an appeal had been perfected and a supersedeas bond filed, the appellant moved for judgment because the appellee had failed to reduce the encumbrances as required by the decree. This court held the supersedeas suspended the power of the District Court to proceed and the appellee was not required to comply with the decree until the appeal had been determined.

The judgment of the District Court is affirmed.

AFFIRMED.